## PENNINGTON, Prohibition Administrator, et al. v. WALTER.

Circuit Court of Appeals, Third Circuit.
December 13, 1928.

No. 3840.

John D. Meyer, U. S. Atty., and Ralph H. Smith, Asst. U. S. Atty., both of Pittsburgh, Pa., for appellant.

Ward Bonsall, of Pittsburgh, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge. This is an appeal by the prohibition administrator from an order of the District Court reinstating a permit which the administrator had revoked.

Walter, the appellee, a retail druggist in Pittsburgh, had held permits to sell liquor for medicinal purposes for the years 1921 to 1926 inclusive. In 1926 he applied for a permit for the year 1927, and received it on January 28, 1927. On May 6, 1927, the prohibition administrator cited Walter to show cause why his permit should not be revoked. At the hearing evidence was produced showing that on 91 different occasions between January 1, 1924, and December 27, 1926, Walter had violated regulations of the prohibition commissioner by selling more than one pint of spirituous liquor to the same person within a period of 10 days. Regulations 60, §§ 1313 and 1403. All the sales were made upon prescriptions of physicians, and no single sale was for more than a pint. A number of them were to Walter himself or clerks in his employ. Under the regulations the permittee had been required to make monthly reports to the office of the administrator, in the form of carbon transcripts of his prescription book. These reports had been duly made by him each month, and showed all sales made by him upon prescriptions, and of course could have been checked up by the administrator at any time. Such examination was in fact made by an employee in the administrator's office in 1926, and the evidence indicates that violations were discovered at that time. At any rate, it is not disputed that on February 19, 1927, a report of violations by the permittee was submitted to the administrator. It thus appears that, after receiving a formal report setting forth the nature and dates of these violations, the administrator delayed almost three months before citing the permittee to show cause why his permit should not be revoked.

Section 9, title 2, of the National Prohibition Act (27 USCA § 21), provides: "* * * If the Commissioner has reason to believe that any person who has a permit is not in good faith conforming to the provisions of this act, * * * the Commissioner or his agent shall immediately issue an order citing such person to appear before him. * * *" This provision of the act is clearly mandatory, and, as was said by the learned court below, "the clear meaning of the word 'shall' is made conspicuously imperative by the use of the word 'immediately.'" It is unnecessary for the purposes of this decision to pass upon the question whether any power of revocation resides in the court, independent of the provisions of the Act. The administrator's powers in respect of revocation of permits are derived from and limited by the National Prohibition Act. When circumstances make it proper for him to move, he must move promptly. The act does not require that he cite the permittee upon a mere suspicion that a violation has occurred; but when he has "reason to believe that violations exist" no delay is permitted, and any substantial delay prevents the exercise of the power of revocation. In effect, therefore, this requirement imposes a limitation upon the action of the administrator, the term of which is not specifically defined and necessarily depends upon the circumstances of each case, but is certainly of very brief duration. An unexplained delay of nearly three months after the receipt of proof of violations furnished by the permittee himself in his own reports certainly transgresses the rule prescribed by the statute.

The order is affirmed.