**KERNAN v. CAMPBELL, Prohibition Adm'r, et al.**

District Court, E. D. New York.   March 22, 1929.

Lewis Landes, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., John E. O'Neill, Senior Atty., Bureau of Prohibition, of New York City, and John H. McEvers, Sp. Asst. Atty. Gen., of counsel), for defendants.

INCH, District Judge.   This is a motion for a temporary injunction in a suit of the same nature, restraining the defendants from interfering with plaintiff's permit.

Plaintiff held a permit to use denatured alcohol in the manufacture of such articles as hair tonic, etc., and before same was canceled or revoked was notified that his permit would expire at a certain time, although no such time was stated in the permit, and that he should make an application for a renewal, if he desired a permit.

Accordingly on July 30, 1928, he made such application.   On December 3d, the defendants invited him to a hearing on such application.   At this hearing he was examined by an attorney of the legal division, connected with defendants, and questions were asked him which indicated that the defendants were possessed of information affecting the good faith of plaintiff so far as the conducting of his business under the present permit was concerned.

The following questions and answers were then asked and given:

"Q. Now, if your permit were continued would you be willing to discontinue selling to these wholesale people and deal solely with barbers, beauty parlors, department stores and other ultimate consumers?   A. Surely, just the same to me.   This man Abbott has a Ford car and he can go around and get a lot of this business.

"Q. Now, you understand the Government's position?   A. I am willing to assist in any way that you wish me to."

Thereafter, and in view of this express consent of plaintiff, defendant issued a new permit dated December 31, 1928, for a limited period, with a provision restricting sales to these ultimate consumers above referred to.

Upon receiving this permit plaintiff acknowledged receipt, stating, however, "I do not in any way waive, surrender or in any way give up any rights that I have under the original permit granted to me May 21, 1922 and I consider that permit in full force and effect."

The position of plaintiff on this motion is that what took place at the hearing on plaintiff's application for a renewal is immaterial, and that nothing there can affect the original permit, and that by the letter of acknowledgment plaintiff reserved all his rights, although such letter was not sent until after the new permit had issued.

The position of the government is that by applying for a renewal plaintiff waived all rights to the old permit and that the new permit was properly issued and could properly be restricted in the manner shown.

The government can regulate in every reasonable way the use of this specially denatured alcohol (October 28, 1919, c. 85, tit. 3, § 13, 41 Stat. 321, Title 27, Sec. 83, US CA).

This regulation may take the form of written permission.   I have been unable to discover any set form for such permission. All it seems to be required is that the permission be in accordance with the purpose be-

hind the authority given to issue. Once issued, it can be revoked and canceled in accordance with Title 2, § 9 (October 28, 1919, c. 85, 41 Stat. 311, Title 27, Sec. 21 USCA), Higgins v. Foster (C. C. A.) 12 F.(2d) 646; Elsinore Perfume Co., Inc., v. Campbell (C. C. A.) 31 F.(2d) 235—or in certain cases pursuant to Title 2, § 4 (October 28, 1919, c. 85, 41 Stat. 309, Title 27, Sec. 13, USCA).

No other way seems to me to be provided to terminate a permit unless by consent. It certainly must be that a permittee can voluntarily give up a permit, or if he deems it for his best interest, and in order to possibly avoid a total revocation of his permit on objections raised, consent to a new form of permit or even a modification of the old.

Certain cases speak of a waiver of rights, effecting what may be considered a surrender of a permit, in law. Cywan v. Blair, 16 F.(2d) 279, 284. In that case the District Court of another circuit stated, in holding that such a waiver existed, "I have not felt constrained to follow them" (referring to Higgins v. Foster, supra, and another case).

In this circuit, Higgins v. Foster, supra, controls, so far as applicable to this motion, and while in that case the permittee was found to have "reserved his rights," at the time of making application for a renewal, and possibly the question now raised by the government as to his application being made without such statement, perhaps might distinguish this case and that of Higgins, I prefer not to place my decision upon the ground of any waiver, but to place it upon what seems to me to be a clearer and a better ground, that is, on an express consent in fact, to a surrender of the old permit and the issuance of a new permit. It is plain to me that this plaintiff voluntarily consented to a new and modified form of permit. It was issued to him accordingly. Thus all question of possible revocation was avoided by plaintiff; his business would continue along the lines he expressly stated "he would be willing to conduct it." It was entirely too late after he received the new permit to attempt to resurrect the old permit and repudiate his express consent.

Nothing arbitrary, capricious, or in the nature of duress appears in the record. On the contrary, it clearly appears to have been a reasonable conference in the course of reasonable regulation.

In my opinion therefore the motion of plaintiff should be denied and the temporary stay vacated.