**AMERICAN DENATURING CORPORATION v. CAMPBELL, Federal Prohibition Administrator, et al.**

Circuit Court of Appeals, Second Circuit. July 8, 1929.

No. 351.

Steinberg & Levin, of New York City (Louis H. Levin, of New York City, of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (U. S. Grant, Asst. U. S. Atty., of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and .CHASE, Circuit Judges.

L. HAND, Circuit Judge. (after stating the facts as above). This bill speaks with a double voice—first, to enjoin the defendants from interfering with the enjoyment of its Yonkers permit of 1926; second, under section 6 of title 2, National Prohibition Act (27 USCA § 16), to review the administrator's refusal to renew the permit for the year 1929. In its first aspect we have nothing to add to what we have said as respects the cause of suit of the Lion Laboratories Company, 34 F.(2d) 642, except as to the question whether the Yonkers permit was a continuation of the Albany permit, and whether the limitation to December 31, 1926, was lawful. In its second aspect we have already said in Liscio v. Campbell, 34 F.(2d) 646, that no injunction pendente lite might go in a suit under section 6, but since here, as there, the full proceedings are in evidence, we shall proceed to the merits of the bill.

The Albany permit did and could give leave to the plaintiff to operate a plant at that place and nowhere else, because the statute, section 6, required it to state the place where the operations were to go on. It is true that before it had been granted the plaintiff demanded as of right a permit in Yonkers, and that this was issued in settlement of the controversy so arising, but nevertheless it was not for that reason the same permit. It authorized the operation of another plant in another prohibition district, and was quite as separate as though both plants were to be operated simultaneously. Instead of that, the plaintiff abandoned the old plant and surrendered any rights under the accompanying permit. It required a new permit from another administrator, based upon new considerations, just as though the Albany permit had never been granted. Therefore the plaintiff accepted the time limitation; probably it had to do so to get any permit at all. The situation is the same as in the case of the Lion Company's permit in the companion case. The attempted ex-

tension on September 1, 1926, was effective only until December 31, 1927, and the plaintiff had no permit thereafter.

The refusal of the commissioner to renew the permit for 1929 is not argued by the plaintiff, and apparently it does not mean to press this part of its bill. It is not necessary to go over the evidence, since it is clear that the deputies of the local administrator had discovered enough irregularities in the conduct of the business to justify the conclusion that the plaintiff was not fit to be further trusted. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

Decree affirmed; bill dismissed.