**DORAN, Commissioner of Prohibition, et al. v. BAY STATE DISTRIBUTING CORPORATION.**

Circuit Court of Appeals. First Circuit. December 23, 1929.

No. 2395.

Elihu D. Stone, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellants.

George H. McDermott, of Boston, Mass., for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge. Sometime prior to 1925 the appellee was given a basic permit by the Prohibition Commissioner under sections 4 and 6 of title 2 of the National Prohibition Act (27 USCA §§ 13, 16) to operate a denaturing plant. It was contended by counsel in argument that it was limited, as to time, only by its voluntary surrender, or revocation under section 9 of title 2 of the act (27 USCA § 21). The record contains no evidence of this.

However, on December 30, 1925, a new permit was issued to the appellee, and while the record does not show when it expired the inference is, since Treasury Decision No. 3773 was then in force, requiring all permits to expire on December 31st of the year in which issued, or not longer than December 31st of the following year, that it was at least limited in its duration to December 31, 1926.

In March, 1926, a change was made in the management and stock ownership of the appellee corporation, and in conformity with the provisions of paragraph 6 of article 12 of Treasury Regulations No. 3, a new permit, in form, at least, was issued with a limitation as to duration to December 31st of that year, and was evidently accepted by the appellee in lieu of its previous permit, as on

its own application it was amended in May and June, 1926, to cover additional matters.

On September 1, 1926, the Treasury Department issued order No. 3925 modifying order No. 3773, and extending all basic permits for denaturing plants already issued until surrendered by permittee, or there was a failure of required bond, or revocation on citation and hearing.

On August 23, 1927, Regulations No. 3 were issued by the Treasury Department effective October 1st of that year. Article 95 of Regulations No. 3 provided that all permits for denaturing plants in force on the above date should expire on December 31, 1928.

In July, 1928, the Prohibition Administrator for the First Prohibition District issued an order to the appellee under section 9 of title 2 to show cause why its permit No. 111 bearing date of March 9, 1926, should not be revoked for the following reasons set forth in the order: (1) That on or about March 9, 1926, being a corporation it failed upon request of the Prohibition Commissioner to furnish him with a true list of its stockholders; (2) that on obtaining the approval of the Commissioner to the permit issued in March, 1926, which it describes as a continuance of original permit No. 111, and to the several amendments thereto in May and June, 1926, the treasurer of the appellee corporation falsely represented that he controlled the corporation, although the controlling shares were only held by him as trustee for some unknown person; and therefore it was alleged that the appellee had not in good faith conformed to the provisions of the National Prohibition Act.

The order to show cause was not based on a complaint under oath, but set forth that the Prohibition Commissioner had reason to believe that the permittee had not in good faith conformed to the provisions of the National Prohibition Act. It was signed by the Prohibition Administrator. A motion was made by the appellee to dismiss the order on the ground that under section 9 of title 2 no one but the Commissioner of Prohibition was authorized to sign such an order.

█ We think there was no merit in this motion, and it was properly overruled. The federal statutes and Treasury Regulations and orders of the Commissioner clearly show authority in the Prohibition Administrator to issue such an order at that time. See Treasury Decision No. 3737; Public Laws, 69th Congress, No. 751, c. 348, approved March 3, 1927 (5 USCA § 281 et seq.); Treasury Decision No. 2, approved April 1, 1927; section 505 of Treasury Regulations No. 2.

The hearing officer, after hearing, recommended the revocation of the permit, not on the first ground set forth, but on the second ground, viz., that the statement made by the treasurer of the corporation at the time of the issuing of the permit in March, 1926, that he controlled the corporation, and did not disclose that the controlling shares were merely held by him as trustee for some person unknown to him, was sufficient evidence that the appellee had not in good faith conformed to the provisions of the National Prohibition Act.

Upon his recommendation the appellee's permit was revoked by the acting Administrator on September 10, 1928; and on a request for reconsideration the Administrator on November 6, 1928, refused to reconsider the order of September 10, 1928, revoking said permit.

On February 29, 1929, the appellee under sections 9 and 5 of title 2 of the act (27 USCA §§ 21 and 14) filed in the District Court its bill in equity for a review of the order of the Prohibition Administrator, and, after hearing, the District Court set aside the order of the Administrator revoking the permit and ordered it restored. The case is here on appeal from the decree of the District Court.

█ The appellee's motion to dismiss the appeal for failure to comply with Rule 75 of this court is denied. It does not appear that the violation of Rule 75 complained of was the result of bad faith, or that any part of the record below favorable to appellee's contention was omitted from the record as first printed, or the technical failure to comply with the rule was in any way prejudicial to the appellee. The motion of the government to supplement the record by adding a copy of the permit issued on March 9, 1926, which was a part of the record below, and also a copy of the findings of the hearing officer, is granted.

█ The proceedings in the District Court were in review of the findings of the Commissioner, and only as to questions of law. A finding by the Commissioner, however, unless based on some substantial evidence, raises an issue of law. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

As stated above, the hearing officer made no finding on the first ground alleged in the show cause order, viz., that the treasurer of

the corporation failed to file a list of its stockholders on request of the Commissioner; and such a finding would have had no substantial evidence on which to rest. The Commissioner was uncertain whether any such request was ever made, and as against the affirmative evidence of the treasurer of the corporation that no such request was made, and that no list of stockholders was filed during the two years before the proceedings to revoke the testimony of the Commissioner, without action by the Commissioner, did not constitute substantial evidence on which to base such a finding, since it is inconceivable that such a request could have been made and that a failure to comply would have been overlooked for two years without action being taken by the Commissioner.

■ Upon the other ground, that the treasurer withheld the information that the controlling shares were held by him as trustee and represented that he controlled the corporation, assuming that the information was intentionally withheld, does not warrant the inference that the corporation had not in good faith conformed to the National Prohibition Act. No evidence was adduced that it had otherwise, in any manner, violated any provision of the act or any state law. No provision of the act, nor any regulation of the Department, required such information to be furnished, except where the Commissioner requested a list of stockholders to be filed with him. If that officer did not request it, and the record does not warrant a finding that he ever did, the treasurer had a right to assume that no such detailed information was required. An intent to deceive is not to be presumed. Nor is there any evidence in the case that as trustee he did not have the full voting power and, therefore, the control of the corporation. Without some evidence of the terms of the trust, the hearing officer had no substantial evidence on which to base a finding that the treasurer did not control the corporation, or because of his failure to voluntarily furnish detailed information as to his stockholdings, there was a lack of intent in good faith to comply with the provisions of the act or any lawful regulations of the Department.

No evidence of any attempt to conceal the status of this stock was offered. The books of the corporation were always open to inspection, and disclosed the facts that the stock control was in the treasurer as trustee; and although his answers to the inspectors as to who the cestui que trust was, when they examined the company's stock books just

prior to the issuing of the show cause order, were not entirely ingenuous, that alone would not be sufficient to warrant a finding that a failure in 1926 to disclose that the stock control was held by the treasurer as trustee and not in his own right was sufficient evidence of bad faith on which to base a revocation of the appellee's permit under section 9 of title 2.

■ In his original brief counsel for appellee, in support of the order of the District Court to restore the permit, relied upon section 5 of title 2 of the statute, which provides that the court in review may "affirm, modify or reverse" the finding of the Commissioner as the facts and law may warrant. While it may modify a Commissioner's finding, if the facts and law require, so far as it may affect an existing permit, a permit having expired by lapse of time cannot be revived under the authority to modify the findings or order of a Commissioner revoking it. It may be that the authority of the reviewing court to reverse the finding of a Commissioner, in case of an unwarranted refusal by a Commissioner to issue a permit, also carries with it by necessary implication the authority to order the Commissioner to issue a permit. Upon a show cause order to revoke, however, the reviewing court has no such implied authority to order the Commissioner to issue a new permit in case a permit had been improperly revoked, but in the meantime had expired by its own limitation. An unexpired permit requires no order restoring it for the unexpired period, if the revoking order is reversed. To restore an expired permit would be futile—a return of an empty shell. The reviewing court is not acting under its general equity powers, but under a special statute and for a limited purpose.

In its supplementary brief, however, the appellee now relies on its original permit having been unlimited as to time, except by its surrender or revocation, and relies upon Higgins v. Foster (C. C. A.) 12 F.(2d) 646, in support of its contention that such a permit cannot be further limited by any regulation of the Department, but only after hearing under section 9 of title 2.

This contention cannot be sustained. The permit on March 9, 1926, was accepted by the appellee, is relied on in paragraph 4 of its bill of complaint, and expired by its terms on December 31, 1926.

The effect of the Treasury Regulation No. 3925, effective September 1, 1926, to extend it until surrendered or revoked, if it had any effect at all, was at most to extend it to De-

cember 31, 1927, and even if Treasury Regulations No. 3, art. 95, extended it to December 31, 1928, it then expired by the limitation fixed in said article 95.

The several Circuit Courts of Appeals have not always been in accord in construing sections 4 and 6 of title 2, and sections 10 and 13 of title 3 of the National Prohibition Act (27 USCA §§ 13, 16, 80, 83). The Second Circuit, in Higgins v. Foster, supra, held that section 6 of title 2 did not apply to permits for denaturing plants, and hence a permit issued under sections 10 and 13 of title 3 or section 4 of title 2 need have no limitations as to duration of permit in order to be valid, except such as might be fixed by the Commissioner of Internal Revenue or the Treasury Department; and once issued, when limited until surrendered or revoked, could not be limited further by a regulation of the Treasury Department on the ground, as the court in the above case expressed it, that the Department could not do in gross—i. e., in effect revoke all such permits by ordering their termination on a definite date—what it could not do in detail, but only after hearing under section 9 of title 2.

The Seventh Circuit, however, in Chicago Grain Products Co. v. Mellon, 14 F.(2d) 362, held that the permit authorized in section 6 of title 2 did not apply solely to intoxicating liquors, but applied also to denaturing plants as well; and therefore no permits for a denaturing plant could be issued for a longer period than December 31st of the following year, and Treasury Regulations No. 3925 issued on September 1, 1926, being contrary to said section 6, as thus construed, if of any validity, could not extend such a permit beyond December 31st of the following year.

The Second Circuit in Lion Laboratories, Inc., et al. v. Campbell, 34 F.(2d) 642, and W. H. Long Co., Inc., v. Campbell, 34 F. (2d) 645, has recently modified its views as expressed in Higgins v. Foster, 12 F.(2d) 646, to this extent: That section 6 of title 2, except as otherwise specified therein, also covers permits for denaturing plants as well as intoxicating liquors; but held that permits for denaturing plants were only limited as to duration by the limitation fixed in the next to the last sentence in the second paragraph of section 6, and that was complied with by a permit in which the designation of the limit of duration was "until surrendered or revoked."

Without deciding whether we concur in all respects with this view, we agree with the view that except as section 6 is expressly limited in its provisions to the manufacture, etc., of intoxicating liquors, it controls all permits issued under the act, except, of course, as they may be expressly provided for in some other provision of the act.

The Commissioner in 1927, however, was by the terms of section 6 of title 2 expressly limited in his authority to extend "any permit granted under this Act" to December 31st of the following year, except upon a formal application and the filing of new bond. The indefinite extension, therefore, by Treasury Regulations No. 3925 approved September 1, 1927, of permit No. 111 until surrendered or revoked, was without authority, it not appearing that any formal application was filed and new bond given; and could not, therefore, if it had any validity, extend permit No. 111 beyond December 31, 1928. Lion Laboratories, Inc., et al. v. Campbell, supra.

We have reviewed the cases and the several Treasury Regulations and their application because of the contention of the appellee that its original permit was limited as to duration only by its "surrender or revocation," and not having been voluntarily surrendered or lawfully revoked is still in force. On the contrary, its original permit, whatever its terms of limitation, having been superseded by the permit issued March 9, 1926, is no longer in force. The permit issued on March 9, 1926, Treasury Decision No. 3925 being without validity to extend permits for denaturing plants until surrendered or revoked, has also expired by its own express limitation. The District Court could not revive it, or in effect grant a new permit for the unexpired period at the time of revocation. If such a result works hardship, it is for Congress to correct.

The order of the District Court setting aside the order of Prohibition Administrator is affirmed. The further order of the District Court restoring the permit is set aside.