**CUCUZZA v. CAMPBELL, Federal Prohibition Administrator, et al.**

Circuit Court of Appeals, Second Circuit. January 6, 1930.

No. 122.

John M. Cashin, of New York City, for appellee.

Charles H. Tuttle, U. S. Atty., of New York City (U. S. Grant, Asst. U. S. Atty., of New York City, of counsel), for appellants.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge. On December 16, 1927, the Prohibition Administrator issued an order to show cause in revocation proceedings, returnable at his office January 5, 1927, why appellee's permit should not be revoked because the appellee had diverted specially denatured alcohol, kept false records, and presented to the agents false bills purporting to show purchases of essential oils. This was based principally upon the fact that bills of C. S. Littell & Co., Inc., for essential oils sold to the appellee were false bills, and that they did not sell any of the essential oils referred to in the bills to the appellee. The agents, upon investigation, found that the appellee's records did not check, and that it was short forty gallons of manufactured products in 1926, and there was a discrepancy of about 759 gallons according to the appellee's 1927 record.

After a hearing on January 12, 1928, the Administrator assigned to take proof, reported for a revocation, and on January 28, 1928, an order was entered revoking the permit. Appellee appealed to the Board of Review, and it submitted its findings and recommended that the permit stand revoked as of January 24, 1928. On March 30, 1928, the Administrator signed an order putting in effect that revocation. This suit followed, under section 9, title 2, of the National Prohibition Act (27 USCA § 21), seeking a review of the appellants' action in revoking the permit. The court below reversed the order of revocation because it found that the facts in reference to these alleged violations were made known to the Administrator or his Department as early as August 18, 1927, and the citation was not issued until December 16, 1927, and that the delay precluded the Administrator from the right to commence revocation proceedings. Pennington v. Walter (C. C. A.) 29 F.(2d) 912.

We have held that section 9, title 2, of the National Prohibition Act, applies to specially denatured alcohol permits, and that the District Court has jurisdiction to review revocations thereof. Elsinore Perfume Co. v. Campbell (C. C. A.) 31 F.(2d) 255.

Section 9, title 2, provides that, " * * * if the commissioner has reason to believe, that any person who has a permit is not in good faith conforming to the provisions of this Act, * * * the commissioner or his agent shall immediately issue an order citing such person to appear before him. * * * "

This provision was intended to place a duty of prompt action upon the Administrator. It was not intended to establish a limitation of which a permit holder might take advantage. Section 3, title 2, of the same act (27 USCA § 12) requires that all provisions of the act be liberally construed to the end that the use of intoxicating liquors as a beverage might be prevented. Congress intended by section 6, title 2, of the act (27 USCA § 16) that no permit shall be issued to any person who, within one year prior to his application therefor, has violated the terms of any permit issued to him under any law of the United States or of any state regulating traffic in liquor, and therefore it is unlikely that it was intended by section 9 to suffer a violator to hold a permit within

this one year because the enforcing officer, either through inadvertence, carelessness, or deliberate wrong, failed to issue an order in time commencing revocation proceedings. An indefinite termination date in a permit would afford a dishonest or neglectful Administrator a delay in the initiation of revocation proceedings and give a right in perpetuity to continue an abuse of the permit privilege. If there was delay in discovering the dishonest Administrator, the permit could not be revoked because of such delay. Every intendment of the statute indicates a desire to promptly stop violations of the laws and the use of permits by their revocation and thus prevent abuses. Donnelley v. United States, 276 U. S. 505, 48 S. Ct. 400, 72 L. Ed. 676.

■ Moreover, the action of the Administrator here was taken within the time the statute required. When the citation was issued on December 16, 1927, and the proceedings begun, they were based upon the fact that the appellee had presented to the agents of the Prohibition Administrator false bills as evidence of his purchase and use of essential oils in the manufacture of finished products in which denatured alcohol was an ingredient. The bills proved to be false, in that they were issued to C. S. Littell & Co., and the essential oils were not actually sold by the company to the appellee. The first report submitted to the Prohibition Administrator referring to these violations were by the inspectors on August 18, 1927. The only evidence referred to in the report, showing that the essential oils covered by the false bills were the oils claimed to have been used by the permittee, was a statement of an employee of the permittee. The prohibition inspectors interviewed the appellee, but it appears from the evidence that the permittee's employee gave the agents the bills for the essential oils. It was at a later date that the agents learned from an employee of C. S. Littell & Co. that nine of the bills were false and fictitious. If the revocation proceedings had been instituted on the basis of this report and the information therein, the permittee might have been in a position to have contended that these bills did not represent the essential oils that had been actually used in the manufacture of the finished product. It was reasonable for the Administrator, on receiving a report of this character, to assign agents to investigate the matter and secure additional evidence before proceeding to revoke the permit. Other agents were given this assignment of reinvestigating the charge and the report from

these agents was made on December 5, 1927, and presented to the Prohibition Administrator. Later, the agents investigating, secured a signed statement from the appellee that, in manufacturing his products from November 1, 1925, to November 30, 1927, the essential oils and their necessary ingredients were purchased from C. S. Littell & Co., including those covered by the nine invoices which were proved on the hearing to be false. The Administrator might reasonably say that he did not have sufficient evidence to warrant the revocation. Latitude must be given to him in determining when he shall immediately proceed as required by the statute. The statute requires that the Commissioner shall have reason to believe that the person who has the permit is not in good faith conforming to the provisions of the act. As contended by the appellant, the Administrator did not consider that he had sufficient reason to believe that the appellee was violating the terms of the permit merely from the facts which were disclosed in the report of the agents in August, 1927, and it is very significant that revocation proceedings were started within a few days after the report of the agents who were reinvestigating the matter.

■ Acting as he did, he complied with the statute in immediately issuing the citation, within the meaning of section 9, after he had reason to believe that the appellee had violated the law. To act immediately within this provision necessarily means within a reasonable time. What is a reasonable time must depend upon the facts surrounding each particular charge. A period of investigation measured from August 18, 1927, to December 5, 1927, is not unreasonable, particularly in a district where the volume of enforcement work is great and where agents of necessity are assigned to a number of investigations during the period. It is sufficiently shown that the Administrator proceeded immediately after he had reason to believe that the permittee had violated the National Prohibition Act.

In Pennington v. Walter, supra, the Third Circuit Court of Appeals held that an unexplained delay of three months after receipt of proof of violation furnished by the permittee himself in his own report was too long a delay and a failure to proceed immediately in issuing an order citing the permittee to appear. At bar, the delay was merely consuming a period for investigation of the report made and which apparently was not sufficient without further investigation for the Administrator to determine to proceed.

The appellee had violated the law, and the Administrator properly revoked his permit. It follows that the decree of the court below must be reversed.

Decree reversed.