## SPARTAN MFG. CO., Inc., v. CAMPBELL, Federal Prohibition Administrator, et al.

### No. 4689.

District Court, E. D. New York.

Jan. 22, 1930.

Lewis Landes, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendants.

BYERS, District Judge.

Motion pendente lite for an order directing the defendants to immediately grant plaintiff's application for renewal of a permit to use denatured alcohol for manufacturing purposes. The 1929 permit had been granted on December 31, 1928, and expired on December 31, 1929. On December 27, 1929, the refusal to renew was mailed to the plaintiff, and received on December 30th. This motion was made on January 8, 1930.

In the brief filed in another case involving a similar question, the Administrator takes the position that the refusal to renew is to be treated as a refusal to grant a permit. Seemingly, there is a preference for this procedure over that provided in section 9 of title 2 of the National Prohibition Act (27 USCA § 21), having to do with revocation, although the reason assigned for the refusal to grant the renewal would seem to be suf-

ficient, if sustained by the evidence, to justify revocation.

The refusal to grant a permit is subject to review in this court, as provided in section 6, title 2, of the act (27 USCA § 16), but whether there is a different burden of proof contemplated by the two sections of the act, which may explain the procedural dexterity displayed, is not presently of consequence.

The power of this court to review is prescribed by the act, and, resort being had to that power, considerations of the general equity jurisdiction of the court are necessarily excluded.

This seems to be the decision in Doran v. Bay State Distributing Co., by the Circuit Court of Appeals for the First Circuit, on December 23, 1929, 36 F.(2d) 657.

The Circuit Court of Appeals for the Second Circuit has said, in Liscio v. Campbell, 34 F.(2d) 646, that a motion similar to this was, in effect, an application for a preliminary mandamus, for the granting of which there is no statutory power.

The plaintiff must await the trial of his case, and the consequent review by this court of the decision of the Administrator refusing a permit for 1930.

Motion denied.