## HOLMAN v. CAMPBELL, Federal Prohibition Adm'r.

District Court, S. D. New York.
March 1, 1930.

Lewis Landes, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Ulysses S. Grant, Asst. U. S. Atty., of New York City, of counsel), for defendants.

THACHER, District Judge (after stating the facts as above).

The attempted revival of the permit of February 20, 1922, must, of course, fail. The only evidence of its existence is its production from the files of the Administrator with its surrender indorsed upon the face thereof. Furthermore, plaintiff acted under the permit of March 25, 1926, until the permit of December 31, 1928, issued. His acceptance of the former permit and his applications to amend its terms leave no room for the contention that either of the prior permits was still outstanding. Doran v. Bay State Dist. Corp. (C. C. A. 1st Cir.) 36 F.(2d) 657, December 23, 1929. The permit of March 25, 1926, by its own terms expired December 31, 1926, and the legal effect of the regulation of September 1, 1926, was to extend it to December 31, 1927. Lion Laboratories v. Campbell, 34 F.(2d) 642 (C. C. A. 2d). From this it follows, although neither the Administrator nor the plaintiff so understood the law, that plaintiff had no valid permit to use denatured alcohol during the year 1928. Consequently, the permit issued December 31, 1928, having expired December 31, 1929, the issue of a renewal permit pursuant to the application of August 31, 1929, was requisite to authorize the use of specially denatured alcohol in the manufacture of permittee's products during the year 1930. Revocation proceedings under title 2, section 9 (27 USCA § 21) were therefore unnecessary.

Here, as in American Denaturing Corp. v. Campbell (C. C. A.) 34 F.(2d) 648, the bill speaks with a double voice, first, to enjoin the defendants from interfering with its permit of 1926, and, second, under section 6 of title 2 of the National Prohibition Act (27 USCA § 16), to review the Administrator's refusal of the application for a permit for 1930. What has already been said disposes of the first point. As to the second, the administrative record discloses that the associations and business connections of the plaintiff were such that the Administrator was plainly under a duty to refuse the application. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.