GREENBERG v. DORAN, as Commissioner of Prohibition, et al.

No. 4914.

District Court, E. D. New York.

June 23, 1930.

Van Buren & Hilldale, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., and Herbert H. Kellogg, and George H. Bragdon, Asst. U. S. Attys., all of Brooklyn, N. Y. (John E. O'Neill, Senior Atty., Treasury Department, of New York City, of counsel), for defendants.

CAMPBELL, District Judge.

This is an action, brought under section 6 of title 2 of the National Prohibition Act (title 27 U. S. Code § 16 [27 USCA § 16]), to review a refusal of the Prohibition Administrator to issue to the plaintiff a so-called "renewal" permit for the year 1930 to use 2,200 wine gallons of specially denatured alcohol of the formula known as 39–B during each thirty-day period.

The plaintiff's original basic permit was issued on November 9, 1923, to Harry Greenberg as the Dean Manufacturing Company, whose address is given in the permit as 111 South Sixth street, Brooklyn, to use specially denatured alcohol, in an amount not stated on the permit, of the formulae 36, 39–A, and 39–B.

The permit by its terms was to remain in force "until surrendered by the holder or cancelled by the Commissioner of Internal Revenue for violation of the provisions of Title III of the National Prohibition Act or the regulations made pursuant thereto."

On November 14, 1925, Treasury Decision 3773 was issued, providing that all permits issued under titles 2 and 3 of the National Prohibition Act (27 USCA § 4 et seq.) should expire December 31, 1925.

This regulation was declared invalid by the Circuit Court of Appeals of this circuit, in Higgins v. Foster, 12 F.(2d) 646, originally decided April 5, 1926, and on rehearing June 1, 1926.

On November 19, 1925, Treasury Decision 3774 was issued providing in part: "In order better to effectuate the purposes of T. D. 3773, approved November 14, 1925, all outstanding permits for sale or use of denatured alcohol shall, unless sooner revoked, or the application therefor acted upon before that time, continue in effect until the 31st day of March, 1926."

On March 31, 1926, a permit was issued to the plaintiff under T. D. 3774 to use 2,200 wine gallons of specially denatured alcohol, of the formulae 36, 39–A, and 39–B, which permit was by its terms to expire on December 31, 1926, but before that date was reached, that is, on September 1, 1926, obviously in view of the decision in Higgins v. Foster, supra, T. D. 3925 was issued providing that permits to use specially denatured alcohol were to continue until surrendered or revoked or bond given in support thereof canceled.

Any contention that the plaintiff had any rights under the original 1923 permit seems to have been abandoned, and both the plaintiff and the Prohibition Bureau by their actions show that they considered that the 1926 permit was the one under which the plaintiff was empowered to act, as that permit carries on its reverse side the notations of three amendments, to wit, on June 10, 1926, "as to address"; on January 30, 1927, "for additional preparations"; and on June 6, 1928, "for change of address."

On October 1, 1927, Regulations 3 went into effect. Article 113 of Regulations 3 provided that permits to use specially denatured alcohol will expire on December 31, 1928, unless renewed sooner.

Referring to the last notation on the back of plaintiff's 1926 permit, we find that it was amended on June 6, 1928, "for change of address," and this technically brought the plaintiff's permit under article 113 of Regulations 3, because under the permit as it then existed the permit was good only to use it on the premises to which the address had been

changed on June 10, 1926. American Denaturing Corporation v. Campbell (C. C. A.) 34 F.(2d) 648.

If, however, such reasoning be considered too technical, we find that plaintiff on August 2, 1928, in conformity with article 113 of Regulations 3, made application for a so-called renewal of his permit. The language of the application stated that the said application "is submitted with the understanding that the permit, * * * must be renewed annually." Thereafter the Prohibition Bureau tendered the plaintiff-applicant a hearing at which, on December 4, 1928, he agreed to accept a permit containing certain special conditions to be written therein.

On December 31, 1928, in conformance with such agreement on the part of the plaintiff, a permit issued to the plaintiff for the year 1929, containing two conditions typewritten on the back thereof to the following effect: One, that he would make twelve specified products as per certain submitted and approved formulae; and, two, that he would sell all his products to barber shops and other ultimate consumers. Which conditions were certainly comprehended in the consent expressed by the plaintiff at the hearing on December 4, 1928.

Having succeeded in securing the permit by agreeing to the conditions imposed, instead of standing on the rights he now claims and appealing to the courts if the permit was refused, the plaintiff subsequent to the issuance of said permit, and on January 10, 1929, acknowledged receipt thereof by a letter to the Prohibition Administrator, and at the same time advising him that the "company does not surrender any of its rights granted under the original permit No. 12,205, dated November 9, 1923."

On receipt of this notification, the Administrator took the position that the plaintiff had repudiated the terms of his permit, and that the permit was thereby terminated.

On January 18, 1929, action was begun in this court to restrain the Prohibition Administrator from interfering with the permit operations of the plaintiff under this conditional permit, and on March 22, 1929, Judge Inch handed down an opinion denying temporary relief and holding, on the authority of Kernan v. Campbell (D. C.) 36 F.(2d) 778, decided the same day, that the plaintiff had voluntarily consented to the surrender of all rights granted in the permit issued in 1923. On an appeal taken by plaintiff the Circuit Court of Appeals affirmed Judge Inch's order Greenberg v. Campbell, 37 F.(2d) 1011, having previously affirmed Judge Inch's order in Kernan v. Campbell (C. C. A.) 36 F.(2d) 779.

On the appeal being taken, the defendants were stayed from enforcing the restrictions pending the appeal.

On August 27, 1929, during the pendency of the case on appeal plaintiff made application for a 1930 permit.

The application stated that it was "submitted with the understanding that the permit applied for must be renewed annually," and, further, "all data, submitted in support thereof, shall be deemed part of the application."

The application was disapproved and a letter was sent by the Administrator to the plaintiff on February 11, 1930, stating that the plaintiff's application for 1930 permit was denied for two reasons: One, that in making his application for a 1930 permit, plaintiff included thereon typewritten at the head of the sheet these words: "This application is filed without prejudice to any rights under the original permit granted November 9, 1923 and without surrendering any rights thereunder"; and two, that the plaintiff procured his 1929 permit by "fraud and misrepresentation and deceit, in that you fraudulently and in bad faith agreed to accept a 1929 permit with certain restrictions incorporated therein, and following the issuance of the said permit, you did in bad faith, fail to abide by the terms thereof."

[redacted] The decision of Judge Inch was the law at the time said application was made, even if it had been appealed, and therefore the attempted reservation by plaintiff of plaintiff's rights under the 1923 permit could not be made a part of the application, as it had been held that plaintiff had no such rights.

[redacted] As to the second ground of refusal, as I view the matter, it was not the appeal of the plaintiff to the courts, or the operation by him under a court order, that constituted the bad faith, but the fact that he secured his 1929 permit under a comprehensive agreement as to conditions, and, having secured it, refused to recognize or be bound by those terms.

The courts are open to all litigants, and they should not be penalized for attempting to protect their rights, but it is evidence of bad faith to secure a permit under certain agreed conditions, and then refuse to abide by those conditions, without regard to whether you commence an action in court.

If the plaintiff believed he had any rights under the 1923 permit, he should have stood on those rights and not on his agreement as to conditions, received a permit, and then refused to abide by its conditions on a claim of rights under the 1923 permit.

Notwithstanding this letter of disapproval, the Administrator on February 4, 1930, wrote plaintiff and asked to be advised if the plaintiff would accept a permit for 1930 on the terms written into the 1929 permit covering the restriction on sales, and the limitation as to the manufacture of product.

On February 6, 1930, plaintiff responded, stating in effect that he did not care so to comply with the conditions written into the 1929 permit.

The procedure followed in connection with the disapproval of the plaintiff's application for a 1930 permit was proper.

■ Section 6 of title 2 of the National Prohibition Act (title 27 U. S. Code § 16 (27 USCA § 16) is controlling on the right of review. Liscio v. Campbell (C. C. A.) 34 F. (2d) 646.

This court on the review is confined to determining whether such action by the Prohibition Administrator was based on an error of law, or was wholly unsupported by the evidence, or was arbitrary or capricious. Ma-King Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

Plaintiff places his reliance on two recent decisions of the Supreme Court: (1) In Campbell v. Galeno Chemical Co. (Campbell v. Paul & Co.) 50 S. Ct. 412, 74 L. Ed. 1063, and (2) in Campbell v. W. H. Long & Co. (Wynne v. Swanson Chemical Corp. and Doran v. Casper) 50 S. Ct. 415, 74 L. Ed. 1070, decided May 26, 1930.

In all of these cases the permits in question contained no definite date of expiration, but were of indefinite duration.

The regulations in question in these cases were Regulations No. 3, article 113, and the court held that the statute did not authorize the revocation of permits of indefinite duration by regulation.

In all of these cases the applicants filed applications for the renewal of their permits, which were of indefinite duration, without waiving their rights under the original permits.

The holding of the Supreme Court is in practical effect the same as the decision of the Circuit Court of Appeals of this Circuit in Higgins v. Foster, 12 F. (2d) 646, with reference to a former regulation.

There has, however, been recognized in this circuit in the rulings of the Circuit Court of Appeals and of the District Courts in the Southern and Eastern districts the doctrine of surrender by consent of a permit of unlimited duration.

No such question was presented to the Supreme Court in Campbell v. Galeno (Campbell v. Long & Co.), and therefore as to that doctrine this court should follow the Circuit Court of Appeals of this circuit.

■ Both Judge Inch in this court, and the Circuit Court of Appeals in the prior suit in equity brought by the plaintiff in 1929, have decided that plaintiff terminated his permit by consent. Greenberg v. Campbell (C. C. A.) 37 F. (2d) 1011.

That decision is binding on this court.

There was a similar holding in Kernan v. Campbell (D. C.) 36 F. (2d) 778, affirmed (C. C. A.) 36 F. (2d) 779.

The rights which plaintiff claimed in his application for the 1930 permit were rights under the 1923 permit, which permit both the District Court and the Circuit Court of Appeals have held was voluntarily surrendered by the plaintiff, and therefore he had no rights thereunder.

He now seeks to claim rights under the 1926 permit, but if, as has been found by the District Court and the Circuit Court of Appeals in the prior suit, the plaintiff in December, 1928, surrendered his permit, it applies as well to the 1926 permit as to the 1923 permit.

The 1929 permit was a new permit, and undoubtedly both parties thought in December, 1928, that it was advisable to issue and accept a new permit, and the reasons, so far as plaintiff was concerned, clearly appear in his hearing on December 4, 1928.

■ The reasons stated in the Administrator's disapproval of the application for the 1930 permit were sufficient, and, coupled with his communication of February 4, 1930, and the plaintiff's response, show that he was not acting in an arbitrary or capricious manner.

The lack of good faith shown by the plaintiff in securing the 1929 permit with certain agreed conditions, and almost immediately after the permit was issued refusing to abide thereby, furnished sufficient reason for a refusal of the 1930 permit; but the Administrator went further than he was obliged to go, in February, 1930, when he offered to issue a permit to plaintiff with

the same condition as the 1929 permit, which was refused by the plaintiff.

Certainly there was nothing unreasonable in the conditions of the 1929 permit, which were agreed to by the plaintiff, nor the purpose it was sought to accomplish, and, it having been held that the plaintiff had surrendered his permit, with an indefinite date of expiration, the Administrator was justified in insisting on incorporation in the 1930 permit of the same conditions that had been incorporated in the 1929 permit.

Plaintiff having refused to accept such 1930 permit, there is nothing in this case calling for the interposition of a court of equity.

A decree may be entered in favor of the defendants against the plaintiff, with costs.

Settle decree on notice.