774

## DAUB v. CAMPBELL, Federal Prohibition Administrator, et al.

### No. 5001.

District Court, E. D. New York.

July 8, 1930.

Robert N. Gilmore, of Brooklyn, N. Y. (Archer Scherl, of New York City, of counsel), for complainant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and George H. Bragdon, Asst. U. S. Attys., both of Brooklyn, N. Y., and John E. O'Neill, Senior Counsel, Treasury Department, of New York City, of counsel), for defendants.

BYERS, District Judge.

This is a motion for a preliminary injunction to prevent interference with basic permit H-16859 permitting the withdrawal of whisky for the manufacture of a product called "Vitanol," composed (as to 25 per cent. in volume) of cod liver oil. The permit was issued August 24, 1924, authorizing withdrawal of 100 wine gallons of whisky quarterly, and, by its terms, was stated to be in effect until December 31, 1924.

On its face appears the following: "Permit amended to allow 150 wine gallons of whiskey per quarterly period (4/28/25)"; also, "4/28/25 Amended Auth. Wash. letter dated 4/17/25 EF/ee."

Apparently this permit was before the Circuit Court of Appeals, Second Circuit, with the Lion Laboratories Case, 34 F.(2d) 642, 644, although in what connection is not clear. With respect to this permit, that court says: "As to Daub, his permit was limited to December 31, 1924, and was never renewed."

The prohibition administrator treated the applicant's permit as being in effect through the year 1928, and, in the government's brief, the suggestion is made that a new permit was issued in 1925, which is perhaps the sensible view to take of the situation.

The attitude of the administrator is disclosed, for instance, in a letter written on April 6, 1926, in connection with T. D. 3787; the following language was used:

"After further consideration of this Treasury Decision, and due to the fact that the formulae for the preparations in which you use whiskey, were previously approved by this Department allowing the use of whiskey in their manufacture, it has been decided to permit you to continue using whiskey under the terms of your permit until further advised, provided you consent to supervision by this office of the actual manufacture of your preparations."

That letter was accompanied by a stipulation which was apparently signed, because the permittee continued to withdraw whisky until December, 1928, when the subject was re-examined by the then administrator, and a hearing was held, as the result of which the administrator disapproved the use of whisky in the manufacture of Vitanol during the year 1929.

It should be stated that it is undisputed that the complainant manufactured his product in 1918, and procured in 1920 that which is denominated "Permit No. N. Y. H—11528." The subsequent history of that permit is not disclosed.

Following the hearing, a new permit was tendered to introduce alcohol in place of whisky in the complainant's product, which provided, in part: "This permit is issued to supersede permit H-16859. * * *"

The complainant refused to accept the new permit, and asserted that his basic permit was still in legal effect. Of course, he could not procure the whisky for his product.

There has been no effort on the part of the Department at any time to show diversion or improper use of whisky by this complainant.

A second "informal hearing" seems to have been accorded to the complainant, on February 19, 1930, without resultant change in the attitude of the administrator.

The complainant has done nothing to detract from his basic permit, having twice refused to accept a substitute which would force him to use ethyl alcohol in the place of whisky in the preparation of his medicinal product.

The answering affidavit of the administrator makes clear that his refusal longer to permit the complainant to withdraw whisky is based upon the conclusion reached in the administrator's office in December, 1928, and the complainant's rights, if any, must be measured by what took place on that occasion.

The record has been examined in the light of what was said in the case of Yudelson v. Andrews (C. C. A.) 25 F.(2d) 80, concerning the nature of the proceedings before the administrator and the province of the court in reviewing the same; also the opinion of the Circuit Court of Appeals for the Second Circuit, in the case of Liscio v. Campbell, 34 F.(2d) 646, 647, concerning the matters which the Commissioner should consider in passing upon such an application for a permit. The following language from that opinion seems to apply with peculiar force to the circumstances in this case:

"In the absence of any regulation [and there was none in December, 1928], it would appear that the commissioner must in each case decide whether the whisky demanded would in fact be used unlawfully; that is, as a beverage. * * * Therefore, if the case had no more in it than that the whisky was not chemically or therapeutically necessary to the plaintiff's compounds, we are not prepared to say that his supply could be cut off, provided the commissioner really believed him to be fit to be intrusted with it; that is, that he would use all of it in the composition of drugs which were not, and could not, be beverages. We leave that question open in case it shall arise."

There is no suggestion in the record or in the government's brief that there is any reason to withhold the complainant's permit on the ground that he is not fit to be intrusted with it, and the failure, therefore, of the Administrator to be guided by the views of the Circuit Court of Appeals, in this circuit, in such matters, is held to constitute an error of law. See Ma-King Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

The government cites Holman v. Campbell (D. C.) 39 F.(2d) 193. In that case, the basic permit had been in terms surrendered, and the permit was so indorsed. Also the Greenberg Case, 42 F.(2d) 507, in this court, which is precisely inapplicable, because this complainant, so far from making terms for a new permit, has twice refused to do that very thing.

Nor is the case of American Denaturing Corporation v. Campbell (C. C. A.) 34 F.(2d) 648, comparable to this state of facts.

The complainant's basic permit was not revoked by the regulation effective September 1, 1927. See Campbell v. Galeno (May 26, 1930), 281 U. S. 599, 50 S. Ct. 412, 74 L. Ed. 1063.

Holding the view that the decision of the administrator was based upon an error of law, in that it was not based, in whole or in part, upon a conclusion that the complainant would use the whisky which the Department permitted him to withdraw, unlawfully, that is, as a beverage, a temporary injunction will issue as a matter of discretion under the facts in this case, because there is no possibility of a trial's being had before the October term of this court; this is without prejudice to the institution of revocation proceedings, if the administrator be so advised. Settle decree on three days' notice.