**DAUB v. MOSS, Supervisor of Permits, et al.**
**No. 5001.**

District Court, E. D. New York.
April 24, 1931.

Archer Scherl, of New York City, for complainant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and George H. Bragdon, Asst. U. S. Attys., both of Brooklyn, N. Y., and John E. O'Neill, Legal Adviser, Treasury Department, of New York City, of counsel), for defendants.

INCH, District Judge.

This suit, brought by an alleged permittee, against the Prohibition Administrator et al., presents a simple issue.

This is: Did the attempted so-called "amendment" to a 1924 permit, after same had fully expired, constitute a new unlimited permit?

It plainly appears that the alleged permittee is making a belated but no less determined effort to force a finding by the court that he has such a permit, although the greater part of the record indicates that he believed he did not have any and was aggressively applying for one.

While the law sometimes discovers that a permittee has a permit, although he did not know it, yet the court should be exceedingly cautious, in thus interfering with the lawful and proper supervision of industrial alcohol by the government, and should not so interfere with it unless the legal rights of a permittee plainly are shown to exist and to have been violated.

It is unnecessary to discuss the elaborate briefs submitted by counsel for permittee and the points raised therein and disputed by the government.

Suffice it to say that permittee claims, and this suit rests entirely upon such claim, whether good or bad, that he has had an unlimited permit to use and withdraw whisky, in his preparation, since on or about April 28, 1925, and that this permit without expiration date is still in effect.

That permittee was permitted to withdraw whisky, until December 31, 1928, seems to be a fact.

Apparently on August 26, 1924 (plaintiff's Exhibit 3) he was granted a permit to use 100 wine gallons of whisky per quarter. This permit expired by its express terms on December 31, 1924. See permit and also Lion Laboratories v. Campbell (C. C. A.) 34 F.(2d) 642. On or about April 28, 1925, a letter from the Prohibition Director (Plaintiff's Exhibit 5) was sent to permittee returning an application apparently filed by him, dated February 24, 1925, together with the said expired permit of August 26, 1924, with the statement that it had been "amended" to allow 150 wine gallons, instead of the original 100 wine gallons. An examination of the said expired permit indicates that a line had been drawn through the latter quantity there allowed and the statement made "permit amended to allow 150 wine gallons of whisky per quarterly period (4/28/25)," and near the bottom thereof the further statement, "(4/28/25) Amended Auth. Wash. Letter dated 4/17/25."

That this permit of August, 1924, had expired December 31, 1924, and no longer existed after January 1, 1925, is plain. It was a limited permit by its express terms.

So far as I can see, no attempt to renew it was made by permittee until the application dated February 24, 1925, so that a period of almost two months had existed after it had fully expired.

However, assuming that I am wrong in regard to the intention or acts, of permittee in this regard, it is plain that no action was taken by the government as to this expired permit or application until almost four months had elapsed since its expiration.

This is not a case where an amendment is allowed during the lifetime of a permit, a distinction which appears in the opinion, in Lion Laboratories v. Campbell, supra, at page 644 of 34 F.(2d).

There was no permit and there was therefore nothing to amend.

The contention of permittee becomes simply this, that the Prohibition Director, by subsequently suffering the permittee to withdraw 150 wine gallons of whisky quarterly, without a lawful permit, instead of 100 wine gallons of whisky allowed while a lawful permit existed, did therein and thereby create a lawful, unlimited, permit, which can only be revoked, canceled, or surrendered, in accordance with the statute.

I am of the opinion that, however clumsy and confused this procedure may seem, there is nothing shown here to estop the government from now insisting that the permittee

648

obtain a lawful and regular permit, whether limited or unlimited, nor has there been any misleading of or damage to the permittee by this attempted amendment to a nonexistent permit for the result was to the advantage of the permittee in being thus allowed to withdraw and use whisky without any permit at all.

When this permittee was before the Circuit Court of Appeals, in the Lion Laboratories v. Campbell Case, in 1929, there is nothing to indicate that it was there indicated or contended by him that he was possessed of any unlimited permit by means of this amendment. Nor did he take the position that certain other permittees took in the Campbell v. Galeno Chemical Company Case, 281 U. S. 599, 50 S. Ct. 412, 74 L. Ed. 1063.

In my opinion the expired permit of 1924 did not become a new and unlimited permit simply because the item as to quantity therein mentioned was changed or attempted to be changed.

Nothing whatever was said as to the expiration date and the whole matter was left to mere inference.

In other words, when the then Prohibition Director returned the application of permittee, and the paper which had formerly been a permit, the latter had expired by its express terms several months before. It was thus attempted to be revived. Nor is there any indication from the subsequent relations of the parties that this was not taken for granted as evidenced by his subsequent repeated applications for a 1929 permit, one in August, 1928, and one in October, 1928.

Nor did the Prohibition Department act contrary to this view, for in the summer of 1928 notice was given to plaintiff that he must apply for a 1929 permit.

As to the right of the Department to require the use of alcohol instead of whisky in a preparation, an examination of the record indicates to me that it was fully within its power and that its action here was proper. Joy Chemical Company v. Campbell (D. C.) 41 F.(2d) 961.

This effort therefore on the part of permittee to avoid proper regulation by the Department of his product, and, in spite of the inconsistent positions repeatedly taken by him, with full knowledge on his part of all the facts, and his apparent acquiescence in the sufferance of the Department [Holman v. Campbell (D. C.) 39 F.(2d) 193], indicates that plaintiff, having now searched diligently through the entire record, is hoping by this belated claim to convince the court that he had, all the time, an unlimited permit for the use of whisky which can only be revoked in the manner provided by statute.

It seems to me that the proof offered to sustain this contention is entirely insufficient.

The burden of proof was upon plaintiff to show an unlimited permit. No evidence of any such permit has been offered except that relating to the quantity allowed to be withdrawn.

To argue that this change alone was in itself sufficient to create a new permit, unlimited in time, seems to me to be entirely unsupported by the evidence.

The complaint is dismissed.