**FRANK J. SMITH & SON v. McCAMPBELL, Prohibition Adm'r, et al.**

District Court, N. D. New York.

Sept. 3, 1931.

Barkhuff & Conway, of Albany, N. Y., for complainant.

O. D. Burden, U. S. Atty., of Syracuse, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., and Wilson F. Harper, of Albany, N. Y., Atty. for Bureau of Industrial Alcohol, of counsel), for defendants.

BRYANT, District Judge.

Complainants conduct a drug store at Albany, N. Y. Their permit, ALB–NY–1–201, to sell or dispense liquors upon physicians' prescriptions was revoked by the Prohibition Administrator, after due proceedings before a hearing officer, upon the grounds that complainants had not in good faith conformed to the provisions of the National Prohibition Act, in that they did in bad faith, during the period from July 1, 1929, to May 1, 1930, furnish intoxicating liquors to persons other than those whose names appeared thereon,

members of their household, nurses, or servants; and filled prescriptions for intoxicating liquors with knowledge of facts, or under circumstances, which would lead men of ordinary caution and prudence to believe that such intoxicating liquors were intended for other than medicinal use. This action is brought to review the decision of the Prohibition Administrator.

In cases of this kind the reviewing court is not acting under its general equity power, but under a special statute and for a limited purpose. Doran v. Bay State Distributing Corp. (C. C. A.) 36 F.(2d) 657. Its only purpose is to determine that the action of the Administrator is not based upon error of law, nor wholly unsupported by the evidence, nor clearly arbitrary, nor capricious. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

The records, on which the defendants relied in the revocation proceeding in question, were records in cases against five physicians. These physicians during a period of some five or six months issued about one hundred forty prescriptions, all of which were filled at complainants' drug store. In approximately one hundred seventeen of these cases, either the person named denied receipt, or there was no such person at the address shown, or there was no such address as the one given. The senior member of the drug firm testified that he had been in business at that address for the past forty-three years. The junior member testified that he had been in business with his father since 1920, and the other pharmacist' testified that she had lived in Albany since 1901. Each of the prescriptions in question appear to have been filled and canceled by one of these three pharmacists. Of the one hundred seventeen prescriptions in question, there was only one where the pharmacists were able to testify that he or she knew the person whose name was on the prescription, and in that one instance the address was wrong. Many of the prescriptions were for Troy addresses, places eight or ten miles from the drug store in question. The monthly sales of whisky constituted nearly one-half of the aggregate sales of the store.

The testimony is of such character and weight that it cannot be said the decision of the Administrator is wholly unsupported by the evidence, even though the three pharmacists testified in general as to the custom of asking persons presenting liquor prescriptions, whether the names thereon were theirs, etc.

The dominant purpose of the act under consideration is to prevent the use of intoxicating liquors as a beverage. It is the duty of the court to give the same a liberal interpretation to the end that such purpose may be accomplished. Herbert v. Anstine (C. C. A.) 37 F.(2d) 552. The record shows circumstances which would lead a man of ordinary caution and prudence to believe that such intoxicating liquors were intended for other than medicinal use, if it does not show facts which tend to give direct knowledge.

Complainants question several of the findings of the hearing officer. It is not necessary to consider these questions. The decision under review is the decision of the Administrator, and not that of the hearing officer. The findings of the hearing officer are for the guidance of the Administrator, as it is the Administrator's decision based upon the evidence, rather than the findings, which must be affirmed or reversed.

Complainants raise the question that the Administrator lost jurisdiction by reason of delay in citing complainants. Their contention is based on the decision in Pennington v. Walter (C. C. A.) 29 F.(2d) 912. They contend that the Administrator had information of irregularities in connection with some of the prescriptions as early as February 11, 1930, and that the citation did not issue until May 22, 1930. There does not seem to have been any unnecessary delay. The time above mentioned was consumed in making investigations. It is apparent that the Prohibition Department worked with reasonable diligence in making, during a three months' period, the investigations about which the investigators testified. The objection raised is overruled upon the authority of Cucuzza v. Campbell (C. C. A.) 37 F.(2d) 31.

Having reached the conclusion that the act of the Administrator was not based upon error of law nor wholly unsupported by the evidence, nor clearly arbitrary nor capricious, it is not necessary to consider the question raised by defendants that the permit in question had expired by its own terms prior to the time of submission of this case, and that the court is now powerless to grant the relief prayed for.

Defendants are entitled to a dismissal of the complaint, with costs, and findings of fact and conclusions of law may be submitted.