## MAHANOY MFG. CO. v. DORAN et al.
### No. 5551.

District Court, E. D. Pennsylvania.

Feb. 7, 1930.

Patrick J. Friel and John W. Crolly, both of Philadelphia, Pa., for plaintiff.

R. H. Woolsey, Sp. Counsel, and Calvin S. Boyer, U. S. Atty., both of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.

The plaintiff is a manufacturer of alcoholic beverages, and hence holds its permit for a year. The permit revoked has expired by limitation, and hence the questions raised have become moot. Both parties, however, have requested us to pass upon them, and, as under a provision of the National Prohibition Law (tit. 2, § 9 [27 USCA § 21]), a permittee whose permit has been revoked cannot apply for a new permit within a time which has not yet expired, this gives a practical value to a ruling which justifies the making of one.

The citation issued July 16, 1929, returnable August 7, 1929. It charged the unlawful manufacture, possession, and really sale of beer of an unlawful alcoholic content, together with an attempt to bribe a police officer of Pennsylvania, and consequent bad faith in the conduct of the business.

The real question is not so much over the facts as over the other question of whether the truth of the charge had been brought home to the permittee with that degree of certainty which would justify a revocation of the permit. The bribery charge is brought in as an evidentiary fact bearing upon the truth of the other charges. We have so stated the real question because of the distinction between an executive or administrative finding and a judicial one. An employer, for illustration, might be so far convinced by suspicious circumstances of the dishonesty of an employee as to be fully justified in discharging him, while with the same evidence before him he would not be justified in convicting the employee of theft. We use this illustration without reference to the doctrine of reasonable doubt. There is without this a real difference in the basis for the two findings. What it comes to is that an executive judgment may be based upon well-grounded suspicions and probabilities of guilt; a judicial judgment rests upon a fact finding. To pursue our illustration a step further, a juror might well say, in a case before him, that the case against the defendant was one of suspicion only without proof of any guilty act, and in consequence find a verdict of acquittal, not because of the presence of a reasonable doubt of guilt, but because there was no evidence which reached the dignity of proof of guilt. At the same time the suspicious circumstances might be so strong that the juror could not suppress a belief of guilt. Such a finding is the familiar "Scotch verdict of 'Not Proven.'"

Congress has, for reasons with which we can all sympathize, made this very distinction by giving to administrators power to refuse a permit in the exercise of a well-grounded executive judgment, but to require a judicial judgment to revoke a permit.

The fact theory upon which this revocation is based has support in well-founded suspicion. The question is, Can the fact finding of the guilt of the permittee be made? The brewery in question is located on a street. Near it, but across the street, is another building ostensibly devoted to another purpose. In this latter building was found a racking machine so set up and operated that it must have had a supply source for the flow of beer to the machine. The beer there found was illicit beer. The defendants' theory, which certainly has plausibility, is that there was a hidden supply pipe from the brewery to the building in which was this racking room. No such pipe could, however, be found. There was in consequence ample ground for suspicion, but no proof of guilt. This suspicion was strengthened by another suspicion, that the man who was believed to run the racking machine was an employee of the brewery. The only thing approaching evidence of this relation was that the man frequented the brewery. Another circumstance was that this man offered an enticing bribe to a police officer and offered it as coming from the brewery. His connection with the brewery is, however, of course denied.

The conclusion reached is that the revocation of the permit should have awaited evidence of the guilt of the brewery, or to allow the permit to expire by lapse of time, and the exercise of judgment await the application for its renewal.

The order of revocation is reversed.