RONDINELLA v. CAMPBELL, Federal Prohibition Administrator, et al.

No. 4814.

District Court, E. D. New York.

March 5, 1930.

See, also, 40 F.(2d) 747.

Crescenzo Caggiano, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., Herbert H. Kellogg and George H. Bragdon, Asst. U. S. Attys., all of Brooklyn, N. Y. (John E. O'Neill, Senior Advisor to Prohibition Administrator, of New York City, of counsel), for defendants.

CAMPBELL, District Judge.

This is a motion for a preliminary injunction.

The plaintiff was the holder of a permit to use specially denatured alcohol formula 39B, in the manufacture of Lilac Water, which permit was dated February 2, 1923, and was not limited therein as to time.

Plaintiff, pursuant to regulations issued by the Commissioner with the consent of the Secretary of the Treasury, and without any

reservation of rights, and without any protest of any kind or character whatsoever, filed with the proper officer an application bearing date December 22, 1925, for a so-called renewal permit, which was granted March 26, 1926, and superseded the permit dated February 2, 1923.

Plaintiff pursuant to regulations adopted as aforesaid, without any reservation of any rights and without any protest, filed with the proper officer on August 24, 1928, an application for a so-called renewal permit for the year 1929, which was granted December 31, 1928. That permit contained a provision that it expired December 31, 1929.

Thereafter and pursuant to regulations adopted as aforesaid, without any reservation of any rights and without any protest, the plaintiff filed with the defendant an application for a so-called renewal permit for the year 1930.

The defendant after investigation denied this request, and it is the exercise of the discretion of the Federal Prohibition Administrator that this court is asked to review.

Inasmuch as the plaintiff's permit expired by its terms on December 31, 1929, that permit confers no rights on the plaintiff.

I therefore deny the motion both because on all the facts presented on this motion, I see no reason why this court should, in advance of the trial, substitute its discretion for that of the Prohibition Administrator and give the plaintiff all the relief which he could obtain by a final decree, and because the reasons assigned by the Prohibition Administrator appear to be real reasons and not an arbitrary exercise of discretion, and further because the court is without power to grant the motion, Liscio v. Campbell (C. C. A.) 34 F.(2d) 646, but a preference will be granted and the case placed on the calendar for trial this month.

