**MATONTI v. CAMPBELL, Federal Prohibition Administrator, et al.**

**No. 4716.**

District Court, E. D. New York.

April 2, 1930.

See, also, 40 F.(2d) 747.

Lewis Landes, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y., Herbert H. Kellogg and George H. Bragdon, Asst. U. S. Attys., both of Brooklyn, N. Y. (John E. O'Niell, Senior Atty., Treasury Department, of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

This proceeding is brought pursuant to section 6 of tit. 2 of the National Prohibition Act (27 USCA § 16), to review the acts of the defendants in refusing the plaintiff a permit to use specially denatured alcohol in the manufacture of certain alcoholic preparations.

On August 27, 1928, the plaintiff made an application on form 1479 for a permit to use specially denatured alcohol.

On December 19, 1928, a permit was issued to the plaintiff, which, by its terms, expired December 31, 1929. In making the application plaintiff made no reservation of any rights or privileges under any prior permit, and did not file a protest over the requirement of the defendants that he make application for this permit. Plaintiff accepted the permit issued December 19, 1928, and operated thereunder during the entire year of 1929.

The acceptance of such permit for 1929, without any reservation of rights under a previous permit and without protest, and operating thereunder, constituted a consent to a surrender and abandonment of all plaintiff's rights under the previous permit. Rondinella v. Campbell (D. C.) 40 F.(2d) 746, decided by Judge Campbell on March 5, 1930; Kernan v. Campbell (D. C.) 36 F.(2d) 778, affirmed (C. C. A.) 36 F.(2d) 779.

On August 27, 1929, the plaintiff filed an application for a permit for 1930. Pursuant to this application the defendants made an investigation of plaintiff's operations under his permit during 1929, and on December 31, 1929, notified the plaintiff by letter that his application for a permit for 1930 had been disapproved for the following reasons:

"1. You did unlawfully divert the denatured alcohol received under your former permit during the year 1929 and make false records purporting to show the manufacture of alcoholic products and the sale of all such alcoholic products to the Mohank Sales Co., which records are false, fraudulent and fictitious and made for the purpose of concealing the diversion of the denatured alcohol aforesaid.

"2. During the year 1929 you did unlawfully and fraudulently fail to keep a true and correct record of the names and address of the persons to whom your products were sold and delivered, as required by Regulations 3 of the Treasury Department."

In the said letter the defendants notified the plaintiff that he would be accorded an opportunity, upon written application, to offer such evidence as he desired with respect to the grounds of disapproval of said permit. The plaintiff failed to avail himself of the offer thus accorded him of a hearing.

In the record of the investigation conducted by the defendants there is ample evi-

dence justifying the defendants' action in refusing the application for a permit, i. e., the failure of the plaintiff to keep a record of the names and addresses of the persons to whom its products were sold and delivered is sufficient justification for the denial of the application for a permit. The defendants were justified in the inference that the entire withdrawal quota of the specially denatured alcohol during 1929 was diverted.

There is no distinction between a so-called renewal permit and an original permit. No greater rights are given to an applicant who has had a permit for a year over an applicant who applies for a permit for the first time. No reference is made in the National Prohibition Act to a renewal permit. The intention evidently was to place all applicants, whether old or new, upon the same basis and require them to satisfy the Administrator of their good faith and willingness to comply with the law.

The complaint will be dismissed. Settle decree on notice.