RONDINELLA v. CAMPBELL, Federal Prohibtion Administrator et al.

District Court, E. D. New York.

April 11, 1930.

See, also, 40 F.(2d) 746.

Crescenzo Caggiano, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., Herbert H. Kellogg and George H. Bragdon, Asst. U. S. Attys., all of Brooklyn, N. Y. (John E. O'Neill, Senior Advisor to Prohibition Administrator, of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

The plaintiff seeks to review the refusal of the Prohibition Administrator to issue a permit to the plaintiff for the year 1930 to use 200 wine gallons of specially denatured alcohol of the formula 39–B for the manufacture of lilac toilet water.

On February 2, 1923, a permit was issued to the plaintiff to use specially denatured alcohol of the formula 39–B in the manufacture of lilac toilet water. This permit, by the terms appearing on the face thereof, was to be in effect until surrendered by the holder or canceled by the Commissioner of Internal Revenue for violation of the provisions of title 3 of the National Prohibition Act (27 USCA §§ 71–89, 63), or the regulations made pursuant thereto.

On March 26, 1926, upon application made by the plaintiff dated December 22, 1925, for a so-called renewal permit, a permit was granted to the plaintiff to use specially denatured alcohol in the manufacture of lilac toilet water. There was no reservation of rights under the previous permit.

On August 24, 1928, an application for a so-called renewal permit for the year 1929 was made by the plaintiff which was granted on December 31, 1928. This permit, by its terms, expired December 31, 1929. There was no reservation in the application of any rights under the previous permit.

On August 23, 1929, plaintiff filed an application for a so-called renewal permit for the year 1930. This application did not reserve any rights under the previous permits.

On November 26, 1926, the Prohibition Administrator wrote the following letter to the plaintiff:

"Pro–LA
"JEO–tb

"641 Washington St. November 26, 1929.
"Guiseppe Rondinella, 6222 New Utrecht Ave., Brooklyn, N. Y.

"Dear Sir: I have before me for action your application for a permit to use specially denatured alcohol during the year 1930. In connection with this application I have had an investigation made of your operations under previous permits and unless the following matters revealed by such investigation are satisfactorily explained, the disapproval of your present application is contemplated:

"1. You have unlawfully failed during 1929, and particularly during September, October and November 1929, to keep your place of business open and available for inspection during regular business hours as required by your former permit and the laws and regulations covering the same.

"2. Your equipment is not adequate for the conduct of the business for which the permit is applied; is not of the value required by regulations 3 of the Treasury Department, and on inspection in September 1929 showed no evidence of use in connection with reported manufacturing operations.

"3. You unlawfully failed to manufacture approved preparations during 1928 and 1929 in accordance with the authorized and required formulae therefor, in that you did not possess at the time of reported manufacturing operations the required amount of chemical raw materials and ingredients as well as marketing containers.

"4. You have in bad faith reported the sales of all manufactured merchandise to one customer during the year 1929 under circumstances which have precluded this office from tracing your products and the disposition thereof into legitimate channels of trade.

"5. You diverted 106 gallons of denatured alcohol withdrawn under your permit on September 3, 1929 and falsely recorded the use thereof in the manufacture of preparations and the sale of such preparations to one concern.

"You are hereby accorded an opportunity of appearing in this office at 2 p. m. Wednesday, December 4, 1929, at which time you are privileged to present evidence bearing upon the above specifications and also with respect to the merits of your application generally.

"Very truly yours,
"Maurice Campbell,
"Federal Prohibition Administrator."

On December 4, 1929, the date set in the letter for the hearing, the plaintiff appeared with his attorney, but submitted no evidence. It was stated that plaintiff did not care to submit any evidence, and that the prohibition authorities were at liberty to act upon the facts disclosed by their investigation.

On December 17, 1929, the Prohibition Administrator, by letter, notified the plaintiff that his application for the permit for 1930 had been disapproved on the ground of irregularity in permit operations already specified in the Prohibition Administrator's letter of November 26, 1929.

There is ample evidence to sustain the findings of the Federal Prohibition Administrator in refusing the permit. Due to the plaintiff's own acts in failing to submit any evidence in denial of any of the five grounds relied upon by the Prohibition Administrator for the 1930 permit, the sole question for determination is, whether the plaintiff has any rights under any of the permits issued prior to 1929.

It has been decided by several judges of this court that the acceptance without objection of a new permit which has been called a so-called renewal permit is a waiver of any rights or privileges under the old permits. Judge Campbell in this instant case, upon an application for a preliminary injunction, on March 5, 1930, 40 F.(2d) 746, decided:

"Inasmuch as the plaintiff's permit expired by its terms on December 31, 1929, that permit confers no rights on the plaintiff.

"I therefore deny the motion both because on all the facts presented on this motion, I see no reason why this court should, in advance of the trial, substitute its discretion for that of the Prohibition Administrator and give the plaintiff all the relief which he could obtain by a final decree, and because the reasons assigned by the Prohibition Administrator appear to be real reasons and not an arbitrary exercise of discretion, and further because the court is without power to grant the motion (Liscio v. Campbell [C. C. A.] 34 F.[2d] 646), but a preference will be granted and the case placed on the calendar for trial this month."

On March 17, 1930, on a motion for judgment on the pleadings in this case, Judge Inch decided:

"There is nothing now presented that was not before Judge Campbell on the motion for a temporary injunction. This motion is substantially the same as the former

one. I see nothing in the papers submitted to require a different decision.

"Motion denied."

The complaint will be dismissed. Settle decree on notice.

