## SHAMOKIN BEVERAGE & ICE CO. v. WYNNE, Federal Prohibition Administrator.

### No. 647.

District Court, M. D. Pennsylvania.

June 14, 1930.

Daniel W. Kearney, of Shamokin, Pa., P. J. Friel, of Philadelphia, Pa., and Carl A. Schug, of Williamsport, Pa., for complainant.

Richard Hay Woolsey and Chas. T. Phillips, both of Philadelphia, Pa., for defendant.

WATSON, District Judge.

In this action the plaintiff seeks a review of the decision of the federal prohibition administrator for the Fifth district in refusing the plaintiff a permit to operate a cereal beverage plant for the year 1930.

The plaintiff held permits to operate a cereal bevarage plant for several years and to the end of the year 1929. October 29, 1929, the plaintiff made application for permit to operate a cereal beverage plant for the year 1930, which application was disapproved on November 7, 1929, by the federal prohibition administrator, who gave his reasons for disapproval as follows: "I believe you are not fit persons to be further entrusted with a permit of this nature, nor entitled to further confidence of the Government. The permit privileges granted have not been exercised by you in good faith."

On December 9, 1929, the time fixed for a hearing in the matter of the disapproved application, the applicant's counsel appeared and refused to offer any evidence of the character and fitness of the men who were to control the business of the permittee, or evidence to show that the applicant was entitled to the permit. The only evidence offered by the applicant was the disapproved application dated October 29, 1929, copy of letter by the administrator to the applicant dated November 7, 1929, which letter accompanied the disapproved application; copy of letter by applicant to the administrator dated November 16, 1929, in which applicant made a request for a hearing and for information as to any charges against the applicant; and copy of letter from the administrator to applicant dated November 19, 1929, informing applicant as to the time and place fixed for the hearing.

The contention of counsel for plaintiff is, that it was the duty of the government to show affirmatively that the applicant was not fit rather than the duty of the applicant to show that it was fit. With this contention I cannot agree. On the contrary, the exact reverse is true. It is not necessary for an administrator to establish by testimony before the hearer facts showing affirmatively the unfitness of the applicant to receive a permit, but the burden is upon the applicant to show that he is a fit person to receive a permit.

In Yudelson v. Andrews (C. C. A.) 25 F.(2d) page, 80, 82, Judge Woolley in the opinion said:

"The applicant must therefore show not a right to a permit but valid reasons for a grant of the privilege of a permit, among which may be his fitness to handle liquor and his business need for liquor. He must, of course, present a situation which in all respects shows bona fides. Whether the applicant can be trusted properly to exercise the privilege conferred by a permit may depend on a variety of circumstances, as in this case on the quantity of liquor applied for in respect to the uses to which the applicant has represented his intentions to put it and the improbability that, if obtained, he will apply all of it to the lawful uses he has indicated. * * *

"At the hearing before a person called a Hearer, the applicant may appear and present evidence to sustain his application and the Commissioner may or may not appear and may produce or not produce evidence in opposition, just as he may choose."

Plaintiff's counsel further contends that because, during the years that plaintiff held permits, it was not cited for violating the law, therefore there could be no reason for refusing the permit for the year 1930, and cites in support of this contention the case of Pennington, Prohibition Administrator et al. v. Walter (C. C. A.) 29 F.(2d) p. 912, in which it was held that, when the Commissioner has reason to believe that a violation exists, no delay is permitted, and any substantial delay prevents the exercise of the power of revocation, and this for the reason that the act is clearly mandatory in this respect. In the present case, the administrator did not revoke plaintiff's permit, but he disapproved plaintiff's application for a permit for the year following the year in which the application was made. Furthermore, an applicant might never have been cited for violating the law, or never have violated the law, and yet be totally unfit to receive a permit to operate a cereal beverage plant.

It is claimed by the plaintiff that the disapproval of this application for permit was arbitrary and capricious. If this were true, there would have been an abuse of discretion on the part of the administrator, and the court should afford protection. Fox v. Blair et al. (D. C.) 20 F.(2d) 233.

There is in the typewritten record evidence taken April 15, 1929, at hearing held at the prohibition administrator's office in the case of United States of America v. Shamokin Beverage & Ice Co., Inc., Applicant. This record shows that John Reichmein, the president, treasurer, and manager of the plaintiff corporation in this case since November, 1928, was for thirty years prior thereto clerk in a colliery, had no knowledge or experience as an executive head in the operation of a business, and had no knowledge whatever of the beer manufacturing business. When he first became connected with the plaintiff's brewery he was a figurehead, had nothing to do with the operations, and stated at the hearing April 15, 1929, that he did not then know anything about the business. He stated that in the latter part of 1928 he took charge of the management of the brewery, and appointed Fred Marks, a beer runner, as manager of the plant, and also appointed two assistant managers, James W. Facor and Emerson W. Renn, both of whom had reputations as beer runners, Renn had been arrested for transporting high-powered beer, and Facor's truck was seized when transporting high-powered beer. Reichmein was unable to explain sources of items of money in the bank account of the plaintiff corporation—one item was $25,000—nor could he explain dividends which had been paid in cash, but which were not shown on the books of the company. No evidence was produced at the hearing December 9, 1929, to show that Reichmein had changed between April 15, 1929, and December 9, 1929, from an unfit person to operate a cereal beverage plant to a fit person to operate such a plant, or evidence of the character and fitness of the men who were to control the business of the permittee, and the burden to show this was clearly upon the applicant, the Shamokin Beverage & Ice Company.

An administrator may be validly influenced in his judgment or refusal by matters aliunde which establish to his satisfaction that the application for a permit has not been made in good faith. Yudelson v. Andrews, supra.

With the facts which the administrator had before him, his action in disapproving plaintiff's application cannot be held to be arbitrary or capricious, and with the information which he possessed, as shown by the record, regarding the character of certain business associates of the applicant, it was his duty to refuse to grant the permit.

Now, June 14, 1930, the rule to show cause why a preliminary injunction should

not be issued is discharged, and the bill of complaint in the above-entitled case is dismissed.