**RUDERMAN v. CAMPBELL, Federal Prohibition Administrator et al.**

**No. E-4761.**

District Court, E. D. New York.

Sept. 2, 1930.

Lewis Landes, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and George H. Bragdon, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for defendants.

CAMPBELL, District Judge.

This is an action in equity under section 6 of title 2 of the National Prohibition Act (27 USCA § 16) to review the action of the Prohibition Administrator in refusing to approve the application of the plaintiff for a so-called renewal permit for 1930 to use 1,250 wine gallons of specially denatured alcohol, in the manufacture of certain liquid preparations according to samples approved by the government.

No question is presented in this case of a permit with an indefinite date of expiration, as a permit was issued to plaintiff on May 9, 1928, which by its terms was to continue in effect until December 31, 1928, and a so-called renewal permit was issued to plaintiff for 1929, which by its terms expired on December 31, 1929.

On August 20, 1929, plaintiff filed an application for a so-called renewal permit for 1930, which application was disapproved in the letter of January 3, 1930, on three grounds therein stated, and plaintiff was offered the opportunity to have heard any evidence which he might have by way of refuting the said grounds of disapproval.

Plaintiff did not at first avail himself of the opportunity, but instead began an action in this court.

That action came on to trial before Judge Moscowitz, and on the consent of all parties the matter was referred back to the Administrator for the purpose of giving the plaintiff a hearing; jurisdiction being retained by the court.

166

As I understand the record, jurisdiction of the action was not retained by Judge Moscowitz personally, but by the court, and, with the approval of all parties, this case proceeded to trial before me when regularly reached on the calendar for trial.

Plaintiff makes a point that the Administrator should proceed under the law for the revocation of permits when he has the necessary information, and not wait until the permit expires, and then, on the basis of that information, refuse to issue a renewal permit.

Whatever may be the merit of that argument, and it certainly is not without merit, it is not necessary to discuss it at this time, as I will not base my decision on the first ground for denying a 1930 permit.

The second and third grounds for denying the so-called renewal permit have to do with the records required to be kept by the permittee for the year 1929, and the appearance of the alleged place of manufacture, indicating that no manufacturing had been done at that place for some time, although the said records show that manufacturing had been conducted there.

The quantities of essential oils and other ingredients which were purchased and that remained on hand at the time the inspection was made are not in harmony with the quantity of the product reported as manufactured, and the fact that the place of manufacturing and the cans and articles therein, by their condition as to dirt and rust, present the appearance of not being used, is of importance in considering the truthfulness of the records.

Plaintiff misapprehends the purpose for which the purchases and use of cartons was considered, as well as the condition of the place where manufacturing was supposed to have taken place.

■ Of course the plaintiff was not required to have the manufactured product delivered in cartons, but, when the plaintiff made representations as to his method of delivering his manufactured product, any considerable discrepancy certainly could properly be considered in determining the good faith of the applicant, and also had a bearing on the question of the truthfulness of the plaintiff's records.

■ Likewise, the mere fact that the place where the alleged manufacturing took place was dirty is not of itself sufficient to establish a violation of the regulations, but when you consider the condition of the cans, as well as the dust, it certainly is entitled to consideration, with reference to the records of the plaintiff of purchases and manufactured product to determine the truth of the records.

■ The burden of proof is on the plaintiff. Yudelson v. Andrews (C. C. A.) 25 F. (2d) 80.

The first ground of refusal, in view of the revocation proceedings in April, 1929, and the evidence itself as to any promises by Dr. John Post, Inc., is not sustained.

The question presented is one of lack of good faith.

All of the facts were fully considered, and, from the findings of the Administrator as to the records kept by plaintiff, it follows that good faith was not observed in keeping those records.

■ The refusal by the Administrator of the 1930 permit, on the second and third grounds of refusal, as stated, was not arbitrary or capricious, nor unsupported by the evidence, and the law was not improperly applied; therefore, with the discretion so exercised by the Administrator, this court should not interfere. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

A decree may be entered in favor of the defendants dismissing the bill of complaint on the merits, with costs.