UNGER v. CAMPBELL, Federal Prohibition Administrator, et al.

No. 4995.

District Court, E. D. New York.

Sept. 2, 1930.

Lewis Landes, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (George H. Bragdon, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendants.

CAMPBELL, District Judge.

This is an action in equity under section 6 of title 2 of the National Prohibition Act (27 USCA § 16) to review the action of the Prohibition Administrator in refusing to approve the application of the plaintiff for a so-called renewal permit for 1930, to use 4,750 wine gallons of specially denatured alcohol of the formulæ 23A, 40M, 39A, and 39B, in the manufacture of certain liquid preparations according to samples approved by the government.

The plaintiff permittee has operated under five different permits, with six changes in the bonds given in support of the various permits, between 1922 and 1929, which permits were amended ten times and permittee's place of business changed three times.

There is no evidence of any protest by the plaintiff at any time against being compelled to take a new permit, nor of any reservation of any rights which the plaintiff might claim under the existing or earlier permits which were without fixed date of expiration.

Whatever agreement may be made with reference to the permits issued prior to the 1929 permit, I cannot see how plaintiff can escape from being held to have surrendered his then existing permit, and accepting an annual permit, when he applied for and accepted, without reserving any rights under prior permits, his 1929 permit, which expired December 3, 1929. American Denaturing Corporation v. Campbell (C. C. A.) 34 F. (2d) 648; Holman v. Campbell (D. C.) 39 F.(2d) 193.

It must be possible for the permittee to surrender his permit, and it would be hard to find better evidence of an intent to surrender than for the permittee, without protesting against the termination of a permit with an indefinite date of expiration, to apply for and accept a permit which under the regulations and on its face was to expire at the end of the year.

Furthermore, there were changes in the bonds given on the several permits, and this tends to show that the several permits were separate transactions, and that in each case the earlier permit was surrendered.

In Campbell v. Galeno Chemical Co., 281 U. S. 599, 50 S. Ct. 412, 74 L. Ed. 1063, and Campbell v. Long & Co., 281 U. S. 610, 50 S. Ct. 415, 74 L. Ed. 1070, the Supreme Court was dealing only with the curtailment of permits of indefinite duration by general regulation, whereas in the instant suit we are dealing with a permit for a definite period of time, to wit, from January 1, 1929, to December 31, 1929, and they do not apply.

This is not a suit involving a revocation, but one involving the refusal to grant an annual permit.

The Administrator refused to grant a permit for 1930 and stated his reasons,

whereupon the applicant was granted a hearing, and the burden is on the applicant to show his fitness and worthiness for a permit. Yudelson v. Andrews (C. C. A.) 25 F.(2d) 80.

The connection of Miceli, the manager and person who appeared to have full charge of the business, with two concerns whose permits had been previously revoked, of which facts it was not shown that the Administrator had knowledge when prior permits were granted, the fact that the applicant did not satisfactorily account for the necessary ingredients such as essential oils, with which to have manufactured the quantity of the various products reported, and the fact that the applicant did not satisfactorily account for all sales, furnish sufficient reason for the action of the Administrator in refusing the plaintiff's application for a 1930 permit, and his refusal to issue such permit was not arbitrary or capricious, but a proper exercise of judicial discretion. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

A decree may be entered in favor of the defendants dismissing the complaint on the merits, with costs.