**LIQUORGEL CO. et al. v. DORAN, Com'r of Industrial Alcohol et al.**

No. 5216.

District Court, E. D. New York.

Jan. 12, 1931.

David B. Friedman, of Brooklyn, N. Y. (Stanley M. Lazarus and Murray L. Goldsborough, both of New York City, of counsel), for plaintiffs.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and George H. Bragdon, Asst. U. S. Attys., both of Brooklyn, N. Y., and John E. O'Neill, Legal Advisor, Treasury Department, of New York City, of counsel), for defendants.

GALSTON, District Judge.

The complaint sets forth that the plaintiff Liquorgel Company obtained from the Prohibition Bureau of the Treasury Department in 1927 a permit for the manufacture and sale of certain nonbeverage products known as flavoring agents, consisting of solidified wines and spirits; that these flavoring agents were manufactured for use in cooking and provided flavors of brandy, rum, and sherry.

Some time after obtaining the permit, so alleges the complaint, the Liquorgel Company discontinued the manufacture of its products and surrendered its permit, and subsequently entered into an agreement with its coplaintiff, Frank Zoppi, by the terms of which the latter agreed to manufacture the products theretofore made by the Liquorgel Company. Thereupon Zoppi, who held a permit to withdraw wines and spirits for the manufacture of his own products, applied for a supplemental permit to withdraw such additional spirits and wines as would enable him to manufacture the products of the Liquorgel Company.

The complaint then alleges a disapproval of this application by the Bureau of Prohibition and the Treasury Department, by the defendant Maurice Campbell, by the defendants Doran and Morse, and alleges as the sole reason assigned by the defendants for such disapproval that the products of the Liquorgel Company if manufactured would contain more than 5 per cent. of alcohol. It is further alleged that Departmental Regulation limiting the alcohol content in this respect to 5 per cent. is illegal, and that the disapproval of Zoppi's application for the amendment to his permit is illegal, arbitrary, and capricious.

. The defendants in their answer set up that the Liquorgel Company is improperly joined; that the jurisdiction of this court is restricted in the review of acts of the defendants to sections 5 and 9 of title 2 of the National Prohibition Act (27 USCA §§ 14, 20), and that the Liquorgel Company filed no application for a permit and therefore, cannot complain of the refusal to grant the application of Zoppi. Secondly, the defendants allege that the permit held by the Liquorgel Company was not surrendered by the Liquorgel Company, but that it expired by its terms on December 31, 1928, and that thereafter a citation was issued to show cause why the permit should not be revoked, and an order was entered on June 27, 1929, purporting to revoke the said permit. Finally the answer alleges that the application of Zoppi for a supplemental permit in which he requested the approval of certain formulæ was considered by the defendants and disapproved by them on or about June 19, 1930; that Zoppi was advised of their disapproval by letter dated June 19, 1930, in which he was informed that products of the type covered by the formulæ could not be manufactured with 30 per cent. alcoholic content as applied for, and that such products, in accordance with established standards of the Bureau of Prohibition, must not exceed 5 per cent. in alcoholic content; and that the plaintiff Zoppi at no time presented to the defendants evidence that he was entitled to the permit.

Fundamentally it will be seen that the defendants' attack is upon the jurisdiction of the court.

Title 27, U. S. Code, § 13 (27 USCA § 13 [October 28, 1919, c. 85, title 2, § 4, 41 Stat. 309]), relates to permits to manufacture; quantity of alcohol; sale of enumerated articles for beverage purposes; punishment. Among the articles enumerated in the section which are stated not to be subject to the provisions of the chapter are:

"(e) Flavoring extracts and sirups that are unfit for use as a beverage, or for intoxicating beverage purposes."

The section also states that any one who manufactures such articles may purchase and possess liquor for that purpose, but he shall first procure a permit to manufacture such articles and to purchase such liquor.

Title 27, U. S. Code, § 16 (27 USCA § 16 [National Prohibition Act title 2, § 6]), gives the commissioner the right to prescribe the form of all permits and applications and the facts to be set forth therein, and states:

"In the event of the refusal by the commissioner of any application for a permit, the applicant may have a review of his decision before a court of equity in the manner provided in section 14 of this chapter."

Title 27, U. S. Code, § 14 (27 USCA § 14 [National Prohibition Act, § 5]) provides:

"If the manufacturer of said article fails to show to the satisfaction of the commissioner that the article corresponds to the descriptions and limitations provided in section 13 of this chapter, his permit to manufacture and sell such article shall be revoked. The manufacturer may by appropriate proceeding in a court of equity have the action of the commissioner reviewed," etc.

The difficulty with the matter in this cause is that there was no hearing before the commissioner.

Attached to the answer is a letter from the defendant Campbell, the Prohibition Administrator, to the Vineyard Products Manufacturing Company, in response to the application for the supplemental permit, stating:

"This application has been disapproved for the reason that the alcohol is excessive. The alcohol in products of this type must not exceed 5%, in accordance with the present standards."

So far as the proofs go, that is the only action that this court is called upon to review. There was no testimony taken before the Prohibition Administrator or before the commissioner, and in the absence of proof that the departmental action was clearly arbitrary or capricious or based upon error of law, as was stated in Joy Chemical Co., Inc., v. Campbell (D. C.) 41 F.(2d) 961, the action of the Prohibition Administrator cannot be set aside. The case comes for consideration practically on the pleadings and

on the brief testimony of the witness Goldsborough, who at most sets forth how he became enmeshed in the red tape of officialdom; but his difficulties in that regard cannot create jurisdiction of this court.

The plaintiffs argue that their formulæ were approved by the Prohibition Bureau in 1927; that the action of the Prohibition Administrator in 1930 was capricious and arbitrary. That does not follow. It certainly does not follow without some proof.

Moreover, the issues involved herein have become moot because the permit which the plaintiffs sought to have supplemented expired by its terms on December 31, 1930. It may be stated that the case was not submitted to this court until December 26, 1930.

For the reasons set forth, the complaint is dismissed. Settle decree on notice.