## CAMDEN COUNTY BEVERAGE CO. v. WYNNE, Supervisor of Permits, et al.

District Court, D. New Jersey.
May 25, 1931.

See also (D. C.) 46 F.(2d) 648.

Walter H. Bacon, Jr., of Trenton, N. J., for petitioner.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Richard Hay Woolsey, of Philadelphia, Pa., for defendants.

AVIS, District Judge.

On January 27, 1931, petitioner filed its petition, alleging that on December 2, 1930, and for some time prior thereto, it was engaged in the lawful manufacture of cereal beverages, containing less than one-half of 1 per cent. of alcohol by volume, and that its place of business was located in Camden in the state of New Jersey. The petition alleged that its business had been conducted for the year 1930 under Permit No. NJL 51.

It is further stated that on or about August 29, 1930, petitioner made application for a permit to continue its operations during the year 1931; and that, without a hearing, the defendants, or one of them, advised petitioner that its application for renewal had been disapproved.

The petition prays that this court review the action of the defendants in refusing to renew petitioner's permit, for a rule to show cause, and an injunction requiring the defendants to issue a permit for the year 1931.

A rule was issued on this petition, and the matter has been presented to the court by oral argument and brief.

The letter of disapproval sent by the supervisor to the petitioner was not set out in the petition, but was presented to the court at the time of the argument, and the text thereof is as follows:

"This application is disapproved for the reason that under your present permit you have conducted your business in such a manner as would not warrant further confidence on the part of the Government.

"You may apply for a hearing within 10 days, at which time you may have permission to offer testimony which would tend to alter this decision."

The admitted facts appear to be: That the application for a renewal permit for the year 1931 was duly filed; that no further steps were taken by the applicant or the supervisor until the dispatch and receipt of the aforesaid letter.

Petitioner claims that this is a valid and legal refusal of the permit, which may be reviewed by the court; that by reason of the delay and failure of the supervisor to act promptly, and the decision not being supported by any facts or testimony, it is without warrant in law and is arbitrary and capricious.

█ Claim is made that, by reason of delay in notifying the petitioner of the refusal to issue its renewal permit, the court is authorized to make an order for the issuance of the 1931 permit. In this connection petitioner relies mainly on the case of Pennington, Prohibition Administrator, v. Walter (C. C. A. 3) 29 F.(2d) 912. This decision involved an order of revocation of a permit, and was based upon section 9, tit. 2, of the National Prohibition Act (27 USCA § 21), which, in part, reads as follows: "If the commissioner has reason to believe, that any person who has a permit is not in good faith conforming to the provisions of this chapter, * * * the commissioner or his agent shall immediately issue an order citing such person to appear before him. * * *"

Under this law, the Circuit Court of Appeals, in that case, held that the permittee was entitled to the benefit of any unexplained delay of the commissioner, and sustained the order of the District Court reinstating the permit.

However, the petition in the instant case is not based upon a revocation of a permit, but a refusal to issue a new one for a succeeding year, and I am satisfied that the statute referred to has no bearing on the question here involved. See Matoni v. Campbell (D. C. N. Y.) 40 F.(2d) 749. In my opinion, there is no power conferred upon this court to compel the issuance of a new permit, based upon the failure of the commissioner to act immediately.

█ However, I do not wish it understood that I approve of the delay of the supervisor in notifying the petitioner of the disapproval of the application. There could be no excuse for delaying the notification, unless the impelling evidence was not in the hands of the supervisor at an earlier date. From my knowledge of the whole circumstance, I am inclined to believe that the notice was unnecessarily delayed. Owing to the fact that the permittee was entitled to a hearing, the text of the letter was inappropriate, as I believe the supervisor should have withheld any positive decision until the petitioner had an opportunity to produce its proofs.

The second question arising is whether the letter of the supervisor was such a decision that it may be reviewed by this court.

█ The law is settled that the review is not a trial de novo, but the duty of the court is to examine the record for the purpose of ascertaining if the action of the commissioner is based upon an error of law, or is wholly unsupported by the evidence, or clearly arbitrary and capricious. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

There is some authority for the theory that the refusal of an application by the commissioner without a hearing may be made the basis of an order by the court directing the issue of a new permit, but this does not appear in any case, where, as in the instant case, the applicant was given an opportunity to have a hearing and present his evidence. The procedure approved by the courts in this circuit is stated quite clearly in the opinion by Judge Dickinson in the case of Charles D. Kaier Co. v. Doran (D. C., E. D. Pa.) 42 F.(2d) 923, 924, wherein the court said: "The plaintiff has held that kind of permit which expires with the calendar year. It may be renewed or reissued for another year, but the mode of renewal is the subject of regulation. *The administrator passes upon the application in the exercise of his executive judgment. If refused, a hearing is granted* at which the facts are developed. The judgment of refusal must then be shown to have support in the facts. The fact, as here, that a brewery has held a permit for many successive years is not only a fact but one of much significance. None the less no faithful administrator can renew a permit which should not be in existence, and should not be forced by the courts to renew it." (Italics mine).

This method of procedure is further confirmed by the same judge in the case of Mahanoy Mfg. Co. v. Doran (D. C.) 40 F.(2d)

561, 562, wherein it was decided that the evidence was not sufficient to sustain the revocation of a permit, but the court said: "The conclusion reached is that the revocation of the permit should have awaited evidence of the guilt of the brewery, or to allow the permit to expire by lapse of time, and the exercise of judgment await the application for its renewal."

In the case of Burns v. Doran (C. C. A. 3) 37 F.(2d) 484, 485, Judge Kirkpatrick, in his opinion in the court below which was affirmed by the Circuit Court of Appeals, said: "It is to be noted that in the case of a revocation the National Prohibition Act (27 USCA) provides for a hearing as a condition precedent to the Commissioner's action. No such hearing is required in the case of a refusal of an original application."

Of course, this refers to the statutory requirement, and does not obviate the necessity of a hearing for the purpose of making a record for court review.

The doctrine that on original applications the commissioner acts primarily as an executive is approved by the Circuit Court of Appeals in this circuit in the case of Doran v. Eisenberg, 30 F.(2d) 503, in the following language: "The Prohibition Administrator refused the application. This was followed by a hearing at which the Hearer, on his finding of facts, recommended that the permit be denied. Again the Administrator refused the application."

In the case of Stroh Products Co. v. Davis (D. C. Mich. S. D.) 8 F.(2d) 773, 774, a similar question arose, and the court, in reciting the proceedings, said: "Plaintiff applied for a renewal of its permit for the year 1925, but was informed, four or five days before the expiration of its 1924 permit, that its application had been denied. It thereupon filed its original bill of complaint in this court, upon which a temporary restraining order issued. Upon hearing on an order to show cause issued simultaneously therewith, it appeared that no hearing before the Prohibition Director had been given to the plaintiff before the refusal of its application for a permit. This court, believing that under the applicable provisions of section 5 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½bb [27 USCA § 14]), and upon the authority of Feil Brewing Co. v. Blair (D. C.) 2 F.(2d) 879, the plaintiff was entitled to a hearing before its application was either revoked or a renewal denied, referred the matter back to the pro-

hibition director, with instructions to grant a hearing."

In Smith v. Foster (D. C., S. D. N. Y.) 15 F.(2d) 115, the commissioner had refused the application without a hearing, although such hearing was requested by applicant. The court, after stating that under the statute no hearing is required before granting or refusing a permit, disposed of the action as follows: "From what has been said, the appropriate relief in this case seems clear. The Commissioner having denied the applicants a hearing, there is no record before the court such as the statute contemplates as a basis for the Commissioner's ruling which is to be reviewed, or the ruling of the court upon the review thereof. The Commissioner's position will therefore be reversed, with directions to reinstate the plaintiffs' application upon the refiling of a proper bond, and to promptly thereafter grant the plaintiffs a hearing upon all objections which may be made to the issuance of a permit." 15 F.(2d) page 118.

Judge Woolley, of this circuit, in the case of Yudelson v. Andrews (C. C. A.) 25 F.(2d) 80, quite clearly points out the method of procedure which, I believe, gives this court a precedent for its decision in the instant case.

The most recent decision on the rights of the court to review the acts of an administrator is found in Liquorgel Co. et al. v. Doran (D. C., E. D. N. Y.) 46 F.(2d) 329. Judge Galston in that case said:

"The difficulty with the matter in this cause is that there was no hearing before the commissioner.

"Attached to the answer is a letter from the defendant Campbell, the Prohibition Administrator, to the Vineyard Products Manufacturing Company, in response to the application for the supplemental permit, stating:

" 'This application has been disapproved for the reason that the alcohol is excessive. The alcohol in products of this type must not exceed 5%, in accordance with the present standards.'

"So far as the proofs go, that is the only action that this court is called upon to review. There was no testimony taken before the Prohibition Administrator or before the commissioner, and in the absence of proof that the departmental action was clearly arbitrary or capricious or based upon error of law, as was stated in Joy Chemical Co., Inc. v. Campbell (D. C.) 41 F.(2d) 961, the ac-

tion of the Prohibition Administrator cannot be set aside." 46 F.(2d) page 330.

The petitioner complains that the supervisor delayed action on the application to such a late date as to embarrass the petitioner in the conduct and continuance of a well-established business. I believe that the petitioner did not follow this application as is intended by the law and regulations. It did not ask for a hearing. So far as the proofs show, it made no effort to ascertain the attitude of the supervisor, and took no affirmative action of any character until it received the letter hereinbefore referred to.

 It had applied for the permit, and it was its duty to follow up its application. If a hearing had been applied for and refused, the court could have ordered the supervisor to grant a time when testimony might have been produced.

"There is no provision requiring a hearing before refusing a permit. The approach and contact with the department is through the application to be filed. In no case is there a requirement that a permit shall be issued. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046, (opinion filed June 1, 1926) points out the large and important discretionary powers and duties of the Commissioner under the act. He has no greater duty than to consider fairly all the relevant facts presented by the application. We see no reason why there should be a formal notice or formal hearing before rejection, unless requested by applicant, showing sufficient reasons therefor." Chicago Grain Products Co. v. Mellon (C. C. A. 7) 14 F.(2d) 362, 363.

The burden of satisfying the supervisor as to its right to receive a permit is on the applicant. "The burden is not upon the government to show that an applicant is not entitled to a permit, but is upon the applicant to show that he is entitled to one." Id. (C. C. A.) 14 F.(2d) 364.

In this circuit, Judge Watson, deciding the case of Shamokin Beverage & Ice Co. v. Wynne (D. C., M. D. Pa.) 41 F.(2d) 791, cited Yudelson v. Andrews, supra, and said: "The contention of counsel for plaintiff is, that it was the duty of the government to show affirmatively that the applicant was not fit rather than the duty of the applicant to show that it was fit. With this contention I cannot agree. On the contrary, the exact reverse is true. It is not necessary for an administrator to establish by testimony before the hearer facts showing affirmatively the un-

fitness of the applicant to receive a permit, but the burden is upon the applicant to show that he is a fit person to receive a permit."

See, also, Unger v. Campbell (D. C., E. D. N. Y.) 43 F.(2d) 461, and Ruderman v. Campbell (D. C., E. D. N. Y.) 43 F.(2d) 165, 166.

The court has no authority to grant the prayer of the petition. If the petitioner desires a hearing for the purpose of presenting testimony to sustain its application, an order will be made requiring the supervisor to grant and hold such a hearing. If not, the petition will be dismissed.