**PUREPAC CORPORATION v. HELVERING, Commissioner of Internal Revenue, et al.**

District Court, S. D. New York.

Jan. 7, 1936.

Jacobson, O'Neill & Baum, of New York City, for plaintiffs.

Lamar Hardy, U. S. Atty., of New York City (Earle N. Bishopp and W. C. Henritzy, of counsel), for defendants.

PATTERSON, District Judge.

The bill is one to review the decision of the Commissioner of Internal Revenue refusing a permit to purchase specially denatured alcohol.

The plaintiff is a corporation in the business of manufacturing drugs. It applied for a permit under section 6 of the Liquor Law Repeal and Enforcement Act (27 U.S.C.A. § 155), to purchase specially denatured alcohol and use the same in drug products to be sold by it. A hearing was held. The application was disapproved by the district supervisor on June 20, 1935, and again on September 25, 1935. The ground of disapproval was that one Kinsman, the president and sole stockholder of the plaintiff, had formerly been an officer and principal stockholder in Sandra Labratories, Inc., a concern which had held permits under the National Prohibition Act to use specially denatured alcohol in making toilet preparations and which had lost such permits by revocation on February 27, 1931. It appears that the Sandra permits were revoked because of failure in good faith to manufacture according to formula and because of diversion of the alcohol to unlawful uses. The supervisor concluded from these facts that the plaintiff was not entitled to the confidence of the Treasury Department, and accordingly refused to issue a permit. The plaintiff's position is that the refusal was arbitrary and capricious.

The case arises by reason of section 6 of the Liquor Law Repeal and Enforcement Act, to the effect that without permit from the Commissioner of Internal Revenue no one shall manufacture or procure tax-free alcohol, denature it, or deal in or use specially denatured alcohol. The section further provides that no permit shall be issued to any person who within one year prior to application shall not have conformed to the provisions of the act or to title 3 of the National Prohibition Act (27 U.S.C.A. § 71 et seq.), or shall have violated the terms of any permit issued

under either of the two acts. It also provides that, in the event of refusal of permit by the Commissioner, the applicant may have a review of his decision by a court of equity.

Under the former National Prohibition Act, the Commissioner had the responsibility of seeing to it that permits to deal in alcohol for nonbeverage uses were issued only to trustworthy persons. The only function of a court of equity in reviewing his refusal to issue a permit was to determine whether his action was based on error of law or was wholly unsupported by the evidence. Ma-King Products Co. v. Blair, 271 U.S. 479, 46 S.Ct. 544, 70 L. Ed. 1046. The Commissioner's power and responsibility in respect to permits are as broad under the present law, notwithstanding that now the purpose is protection of the revenue rather than prohibition of intoxicating liquors. Helvering v. Druggists' Specialties Co., 76 F.(2d) 743 (C.C. A.3). The question then is whether it can fairly be said that the Commissioner's refusal was founded on error of law or had no support in the evidence.

The Commissioner was warranted in finding from the evidence that Kinsman had been concerned in illicit use of alcohol under a permit in 1930, on account of which the company in which he was then interested lost its permit in 1931. In view of this finding that he had some four years before betrayed the trust reposed in him by the government, it was not beyond the bounds of reason for the Commissioner to conclude that a company controlled and managed by him was not presently entitled to the confidence of the government. I cannot say that the Commissioner. acted capriciously or arbitrarily in turning the plaintiff away.

The plaintiff urges that, since the statute forbids issuance of a permit to a person who has violated a prior permit within one year, there is an implication that violation of prior permit more than one year earlier shall not be ground for dismissing an application for permit. The argument is not convincing. The provision that under no circumstances shall a permit be given to one who has violated a prior permit within the year does not mean that the Commissioner shall have no discretion in the matter if the violation is older. Suppose a case where an applicant has lost three or four earlier permits because of repeated violations. It was not the intention of Congress that the Commissioner should be bound to issue a permit in such a case the moment the last offense was a year old. See Smith v. Foster, 15 F.(2d) 115, 116 (D.C.N.Y.); Lou-Val Co. v. Wynne, 34 F.(2d) 721 (C.C.A. 3); Unger v. Campbell, 43 F.(2d) 461 (D. C.N.Y.).

I cannot say that the Commissioner committed error of law or that his refusal was unsupported by the proof. It follows that the bill must be dismissed.