**ATLANTA BEER DISTRIBUTING CO., Inc., v. ALEXANDER, Federal Alcohol Administrator.**[*]

No. 8485.

Circuit Court of Appeals, Fifth Circuit.

Nov. 17, 1937.

Rehearing Denied Dec. 13, 1937.

HUTCHESON, Circuit Judge, dissenting.

Clint W. Hager, of Atlanta, Ga., for petitioner.

Fred E. Strine, Atty., Department of Justice, C. R. W. Smith and Edward B. Bowers, all of Washington, D. C., and I. K. Hay, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from an order made by respondent on April 29, 1937, denying the application of petitioner for a permit authorizing it to engage in the business of purchasing at wholesale wine and malt liquors and to engage in the receipt, sale, and shipment in interstate and foreign commerce of the alcoholic beverages so purchased.

Following an examination of its application for such permit, respondent served upon petitioner notice of a contemplated denial thereof because of a failure to prove to the satisfaction of respondent that, by reason of its business experience and trade connections, or of its officers, directors, and principal stockholders, it was likely to maintain in conformity with federal law the operations authorized by the permit sought.

Pursuant to the statute, 27 U.S.C.A. § 204(b), a hearing was had upon the appli-

[*]Writ of certiorari denied 58 S.Ct. 645, 82 L.Ed. —.

cation, at which testimony was taken in support of and in opposition to the issuance of the permit.

On January 19, 1937, the officer who conducted the hearing filed his report, in which he found that by reason of the criminal record of Oran E. Dodd, its president-treasurer and sole stockholder, the applicant was not likely to maintain its operation in conformity with federal law; and, accordingly, he recommended that the application be denied. Exceptions were filed to this report, which were overruled by the Administrator after he had heard oral argument thereon. The statutes involved are sections 203(c) and 204(a) and (b), title 27, U.S.C.A. (sections 3(c) and 4(a) of the Federal Alcohol Administration Act, approved August 29, 1935, as amended, 49 Stat. 1152).

Said section 203(c) provides, in part:

"It shall be unlawful, except pursuant to a basic permit issued under this chapter by the Administrator—

"(1) to engage in the business of purchasing for resale at wholesale distilled spirits, wine, or malt beverages; or

"(2) for any person so engaged to receive or to sell, offer or deliver for sale, contract to sell, or ship, in interstate or foreign commerce directly or indirectly or through an affiliate, distilled spirits, wine, or malt beverages so purchased.

"This subsection shall take effect July 1, 1936."

Said section 204(a) is as follows:

"The following persons shall, on application therefor, be entitled to a basic permit:

"(1) Any person who, on May 25, 1935, held a basic permit as distiller, rectifier, wine producer, or importer issued by an agency of the Federal Government.

"(2) Any other person unless the Administrator finds (A) that such person (or in case of a corporation, any of its officers, directors, or principal stockholders) has, within five years prior to date of application, been convicted of a felony under Federal or State law or has, within three years prior to date of application, been convicted of a misdemeanor under any Federal law relating to liquor, including the taxation thereof; or (B) that such person is, by reason of his business experience, financial standing, or trade connections, not likely to commence operations within a reasonable period or to maintain such operations in conformity with Federal law; or (C) that

the operations proposed to be conducted by such person are in violation of the law of the State in which they are to be conducted."

Petitioner contends that the criminal record of Dodd, its president-treasurer and sole stockholder, was insufficient as a matter of law to warrant respondent's action in finding that it, as a corporation, is not likely to operate in conformity with federal law. This contention involves a consideration of the nature of the appellate procedure before us, as well as of what took place before the hearing officer and the Administrator.

The procedure on appeal to this court is set forth in paragraph (h) of said section 204 (27 U.S.C.A.), wherein it is provided that an appeal may be taken by the applicant for a permit from any order of the Administrator denying the application. Such appeal shall be taken to this court, within sixty days after the entry of said order, upon a written petition praying that the order of the Administrator be modified or set aside. Upon service of a copy of the petition upon the Administrator, he is required to file in the proper court a transcript of the record upon which the order complained of was entered. Upon the filing of such transcript, such court shall have exclusive jurisdiction to affirm, modify, or set aside such order in whole or in part. No objection to the order shall be considered by the court unless it shall have been urged before the Administrator, or there were reasonable grounds for failure so to do. The finding of the Administrator as to the facts, if supported by substantial evidence, is conclusive.

In providing for a judicial review by appeal, we think Congress did not intend to vest this court with the administrative power to determine whether or not the permit should be granted. Therefore, we should not substitute our judgment for that of the Administrator, who is an administrative officer with only quasi judicial functions. When the transcript of the record is filed in this court, the proceedings become wholly judicial. If supported by substantial evidence, we are conclusively bound by the Administrator's findings of fact, and must affirm his order, provided he did not proceed upon a mistake of law, did not refuse to hear relevant evidence, and did not act arbitrarily or capriciously to the prejudice of the applicant. Cf. Ma-King Co. v. Blair, 271 U.S. 479, 46 S.Ct. 544, 70 L.Ed. 1046; Purepac Corporation v. Helvering (D.

C.) 14 F.Supp. 897. See, also, Silberschein v. United States, 266 U.S. 221, 225, 45 S.Ct. 69, 71, 69 L.Ed. 256; United States v. State Investment Co., 264 U.S. 206, 211, 44 S.Ct. 289, 290, 68 L.Ed. 639.

Turning to the evidence upon which the Administrator based his findings, it appears that petitioner was incorporated under the laws of the state of Georgia, on May 4, 1935, for the purpose of selling and distributing beverages of all kinds. Its original officers and only stockholders were Oran E. Dodd, president and treasurer, and Della Moore, secretary. The latter withdrew, and Dodd is now the sole stockholder, one of two directors, and the president-treasurer. Dodd has a criminal record with reference to the liquor business extending over a period from 1925 to 1936. It consists of five convictions in state and federal courts. It is true that he has not been convicted of a felony within five years from the date of his application, nor of a misdemeanor within three years from said date, and, therefore, petitioner is not excluded under said section 204(a) (2) (A) from the class of persons who may obtain a basic permit; but it was not denied a permit under that provision. The denial was under section 204 (a) (2) (B), because the Administrator found that by reason of its business experience and trade connections it was not likely to operate in conformity with federal law. As petitioner was not mandatorily excluded under subdivision (A) of section 204 (a) (2), it contends that Dodd's criminal record may not be taken into consideration in denying a permit under subdivision (B). We do not concur in this view. There is a discretion vested in said respondent by said subdivision (B) to refuse to grant a permit to an applicant who is not likely by reason of his business experience to maintain operations in conformity with federal law.

Dodd's criminal record was an index to the reputation, if not to the character, of the man whose mind would direct the operations of the corporation under the permit sought. Petitioner's trade connections, which were with wine dealers in New York, Maryland, and California, and a large brewery in Indiana, reflected the interstate character of the business likely to be carried on by it, if the permit applied for were granted. These facts in evidence, we think, give substantial support to the finding of the Commissioner that petitioner is not likely to maintain its operations in conformity with federal law, if said permit should be granted to it.

An attack is made upon the constitutional validity of the Licensing Act, but it is not competent to make such an attack in a proceeding for a license under it. We find no reversible error in the record, and the order of the Administrator is affirmed.

HUTCHESON, Circuit Judge (dissenting).

The facts stated in the majority opinion make it appear that the applicant is a complete newcomer to the wholesale beer business, and that, in applying for a permit, it was endeavoring to enter, rather than merely to remain, in the ranks of Atlanta beer sellers. Too, the statement there of the legal issues of the case makes it appear that the applicant, by its appeal, asks us to oppose our administrative judgment to that of the Federal Alcohol Administrator. But this, with deference, is not the case made out, either in fact or in law.

The corporation began business in May, 1935, and has since been engaged in a profitable business, conducted strictly in accordance with state and federal laws. It employs more than 30 persons with a monthly pay roll of $2,500, and a fleet of 14 trucks. It has taken a long-term lease on a downtown storage building, and has installed escalators and other conveniences for handling its products. Its reputation as law-abiding, industrious, and financially sound is attested by officials and business men of prominence and standing in the community, and no one brings a word of reproach against it.[1] The result of the action of the Administrator, therefore, in, as appellant claims, arbitrarily refusing a permit is not to prevent applicant's entering into new business, but it is to take from it and destroy the established business and capital which it has already built up.

Putting altogether aside the point made by it, that the refusal of the permit would operate ex post facto to destroy its business,

---

[1] Indeed, one of the findings of the Administrator is: "The company appears to have ample financial resources, and to be doing a very substantial business in the wholesaling of beer, which has increased rapidly since the company commenced operations in May, 1935. There is no issue in this case as to the financial standing of the applicant, and consequently no further consideration need be given to the company's finances."

Ex parte Garland, 4 Wall.(71 U.S.) 333, 18 L.Ed. 366; Cummings v. Missouri, 4 Wall.(71 U.S.) 277, 18 L.Ed. 356, I think that under the facts disclosed, the Administrator could not deny the permit except upon the clearest showing that one of the statutory grounds for refusing it existed. I think it plain, too, that not only was no such showing made, but that there *was no finding* by the Administrator, that it was. I am therefore constrained not only to dissent, but to give my reasons for doing so.

In support of their view that the order of the Administrator should be affirmed, my associates say: "In providing for a judicial review by appeal we think the Congress did not intend to vest this court with the administrative power to determine whether or not the permit should have been granted." Certainly it did not. Indeed, it could not have imposed such a nonjudicial duty upon this court. Appellant certainly does not invoke the exercise by us of such power. Appealing as it is by law allowed to do, it asks no extrajudicial action; no grace at our hands. It stands upon the immutable proposition that this is, and is to remain, a government de jure of laws, and not of men. That men are subject to laws, not laws subject to men, and that arbitrary power and the rule of law are antagonistic and incompatible forces which cannot both exist. It stands upon the proposition that Congress has accorded it the due process of a hearing in this court, upon whether the Administrator refused its permit in accordance with, or in violation of, law. It stands upon the proposition that it is of the highest importance in a republican form of government, that the Governors should be obliged to control themselves. It stands upon the proposition that "men are not corrupted by the exercise of power, or debased by the habit of obedience, but by the exercise of a power which they believe to be illegitimate, and by obedience to a rule which they consider to be usurped and oppressive," and therefore that, "in forming a government of men over men, the greatest difficulty lies in this—you must first enable the government to control the governed, and in the next place, oblige it to control itself." It stands firmly on ·the statute which peremptorily provides that upon its application, it shall have a permit, unless the Administrator finds (of course not arbitrarily, but upon supporting evidence): "(A) that such person (or in case of a corporation, any of its officers, directors, or principal stockholders) has, within five years prior to the date of application, been convicted of a felony under Federal or State law, or has, within three years prior to the date of application, been convicted of a misdemeanor under any Federal law relating to liquor, including the taxation thereof; or (B) that such person is, by reason of his business experience, financial standing or trade connections, not likely to commence operations within a reasonable period or to maintain such operations in conformity with Federal law; or (C) that the operations proposed to be conducted by such person are in violation of the law of the State in which they are to be conducted." It insists, with eminent correctness, I think, that the Administrator has not found any of these. It insists, with equal correctness, that if he has so found, there is no evidence in the record upon which he could have done so.

I concede that if the Administrator has, *upon evidence supporting his finding,* found the existence of any one of the three statutory grounds, his action must be affirmed. I deny that he has found any of them to exist, and affirm that if his finding may be construed to be a finding of fact under the statute, and not a mere conclusion, there is no evidence to support the finding. I deny the existence in him of the arbitrary power the majority opinion in effect concedes him, of refusing a permit not upon statutory grounds, but upon grounds of his own devising.

I affirm that in intent and effect the finding is a deliberate overriding of the intent and effect of subdivision (A), section 4(a) (2) of the statute (27 U.S.C.A. § 204 (a) (2) (A) which by implication provides that the convictions of applicant, or any of its officers, except as therein stated, shall not, standing alone, constitute grounds for a refusal of a permit. The record overwhelms, indeed, the Administrator concedes, that the applicant's business experience, financial standing, and trade connections are unexceptionable. The record overwhelms, and the Administrator concedes, that as a person apart from the conduct of its president, the applicant is entitled to the permit it applies for. The hearing officer and the Administrator have proceeded upon a theory of their own, which finds no countenance in the statute, that Dodd's convictions for liquor violations alone, though they are not within subdivision (A), section 4(a) (2) of the act, constitute statutory grounds for denying the corporation a permit. Instead, therefore, of a finding as the statute provides, either under (A) that the company

or its officers had been convicted as therein provided; or (B) that the applicant, *by reason of its business experience, financial standing, or trade connections* (italics mine) is not likely to maintain its operations in conformity to federal laws, the hearing officer and the Administrator have substituted a ground and finding of their own invention, that "by reason of the criminal record of Dodd, the president, treasurer and sole stockholder of the company, the applicant is not likely to maintain its operations in conformity with Federal law, and in accordance with Section 4(a) (2) (A, B) of the Federal Alcoholic Administration Act, and Art. 2, Section 3(B) 2 of Regulation 1 of said Administration, in the event the permit herein applied for should be granted."

Thus the Administrator, nullifying the first subdivision, has added to the statute a fourth in effect, that solely because of liquor law convictions of Dodd, as to which subdivision (A), section 4(a) (2) has impliedly granted him full legal and moral amnesty, his corporation may be denied a permit. It is, I think, settled law that an officer cannot enlarge a statute under which he acts, that it is his guide and master. It is quite plain, I think, that this finding of the Administrator, on which his denial is rested, is without counterpart in the statutory authority granted him, and his order, denying the permit, may not stand.

But if, as my associates seem to think, the finding of the criminal record of Dodd may be taken as equivalent in law to a finding of the statutory fact that "the applicant company, by reason of business experience, financial standing or trade connections is not likely to conduct his business in accordance with the Federal law," I think it equally plain that the order should be set aside, for the finding is not only without evidence to support it, but is in the teeth of all the relevant evidence tending to throw any light upon the issue. It is particularly in the teeth of the undisputed testimony that for more than two years the company has conducted its business in complete conformity with federal and state laws, and has built up a growing and flourishing business, which commands the respect and confidence of the public it serves.

Instead of, as my associates see the case, one in which the Administrator, acting under statutory authority, has made a finding in accordance with and upon supporting evidence, I see it as one in which the Administrator has set himself up to bind and to loose, to grant and to deny permits, not upon statutory ground, but upon his own notions of moral fitness. He has done this in the face of the fact that the statute peremptorily orders him to grant the permit except where, upon supporting evidence, he finds the existence of one of the statutory grounds for denying it. He has done this upon a finding of past delinquencies on Dodd's part which the Permit Act impliedly forgives and condones. He has done it upon a finding which conforms to the statute neither in fact nor in effect. He has done it apparently because, differing with the expressed congressional policy of "go and sin no more" which sec. 4(a) (2) (A) of the act exhibits, he is determined to visit upon Dodd the consequences of his past sinning. My associates, in short, purport to see in what the Administrator has done a finding of sufficient evidence of a statutory ground for denial. I see no fact finding whatever, but only a bald and unsupported conclusion, without support in either the statute or the evidence.

I respectfully dissent.

### On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of the opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same is hereby, denied.